MONAGHAN vs. SCHOOL DISTRICT No. 1 of the Town of Randall.

PUBLIC SCHOOLS: MINOR TEACHER. (1, 2) *Rights of minor to contract as teacher of public school.* (3–5) *Right of father to the minor's wages. Proof of his relinquishment thereof.*

SCHOOL DISTRICTS: SCHOOL BOARDS. (6) *Ratification by district of unauthorized contract of board.* (7) *Evidence of acts of the district.*

AMENDMENT. (8) *Of complaint, at the trial, after appeal from J. P. to circuit court.*

1. A minor possessing the other legal qualifications, may, with the assent of his father, contract with a school board in this state to teach a school.

2. The school law (ch. 101, Laws of 1872) seems to contemplate that the contract in such a case shall be made with the teacher, and not with the father.

3. A father, by agreement with his minor child, may relinquish to the latter the right which he would otherwise have to his services, and may authorize those who employ him to pay him his wages, and will

Monaghan vs. School District No. 1 of the Town of Randall.

then have no right to demand those wages either from the employer or from the child.

4. Plaintiff was present and assenting when his minor daughter entered into a contract in writing with a school board, as teacher, which was signed by her in her own name, and not by him. In the absence of other proof of any intention on his part to relinquish his right to her wages: *Held*, that he may maintain an action against the board for such (unpaid) wages.

5. Whether, if plaintiff had himself executed a contract which authorized the payment of the wages to the daughter, a relinquishment of his right to them would be inferred, *quære*.

6. If the contract sued on was executed by the school ·board without authority, a vote of the district, at a special meeting held after the services contracted for had been fully rendered by plaintiff's daughter, by which it was resolved to raise a special tax to pay for such services in accordance with the contract, constituted a full *ratification* of the contract, and made the district liable.

7. The records of a school district meeting are· the best evidence of the business transacted thereat; and there was no error in rejecting oral evidence of the business transacted at a meeting of the defendant district.

8. The complaint, in justice's court, alleged merely that defendant was indebted to plaintiff in a certain sum for the services of A. M., a qualified teacher, plaintiff's daughter, and a minor. On the trial in the circuit court, an amendment was allowed, alleging that such services were rendered in pursuance of a certain described contract, being one which had been put in evidence and relied on throughout the proceedings. *Held*, no error.

APPEAL from the Circuit Court for *Kenosha* County.

Action commenced in justice's court. Complaint, that the defendant is indebted to the plaintiff in the sum of one hundred dollars "for services of Agnes Monaghan, a qualified teacher, his daughter, and a minor." Answer, a general denial.

On the trial in the circuit court, plaintiff introduced evidence showing that Agnes Monaghan was employed as teacher by the clerk and treasurer of the defendant, and taught in the district, in 1873; that the contract was in the usual form, signed by Agnes Monaghan as teacher, and by the clerk and treasurer, by which it was agreed that said Agnes Monaghan

Monaghan vs. School District No. 1 of the Town of Randall.

should teach the school in said district four months, commencing May 5th, for $25 per month ; that said Agnes is plaintiff's daughter, and sixteen years of age; that the plaintiff was present when the contract was made with her, and assented to its execution; that she taught four months, less three days, when she attended a teachers' institute, by consent of the officers of the district; and that the director of the district had refused to sign the order drawn in the usual form by the district clerk, and delivered to Miss Monaghan, directing the district treasurer to pay her $100.    The defendant introduced evidence to show that the district officers had exceeded their authority in making said contract.    The plaintiff then gave in evidence the record of the proceedings of a meeting held October 24, 1873, which contained among other things the following entry : "Voted to raise seventy-five dollars to pay for last summer's school."    The plaintiff also gave in evidence, under objection, the record of the proceedings of the annual meeting, held August 25, 1873, which stated, in substance, that the district voted that there be five months school the ensuing year, between March 5th and August 31st, and that $100 be raised to support the same.    The defendant offered to show that at the latter meeting, two resolutions (which had been preserved among the papers of the clerk) were adopted by the meeting, forbidding the officers of the district to use any money belonging to the district in payment of a teacher for the summer school, held for the then present year, or for any expenses connected therewith, except for such part thereof as, when added to the school of the preceding winter, should be necessary to make up the five months required by law to entitle the district to its share of the state and county school money.    The evidence was rejected.

During the trial the plaintiff was allowed, under objection, to amend the complaint by adding thereto the words, "Under and in pursuance of the terms of the contract made between the defendant and Agnes Monaghan, dated May 5, 1873."

By direction of the court, the jury found a verdict in plaintiff's favor for $98.75; and the defendant appealed from the judgment entered upon such verdict.

*F. S. Lovell*, for appellant:

1. The statute does not make minority a disqualification for teaching; and it may fairly be inferred that a minor may become a qualified teacher within the intent of the law, and may enforce the contract made with the district board, in the same manner as an adult. By assenting to the execution of the contract, plaintiff emancipated his daughter to the extent necessary to enable her to perform and enforce her contract. Sec. 1, ch. 101, Laws of 1872; secs. 100–104, ch. 155, Laws of 1863; sec. 4, ch. 108, Laws of 1868; sec. 4, ch. 14, and sec. 7, ch. 169, Laws of 1871. 2. The contract was made by the school officers without authority, and is not binding. 3. The evidence offered as to a part of the proceedings had at the meeting of August 25, 1873, should have been received. The entries made by the clerk are not entitled to the full dignity of a judicial record; they are competent evidence, yet subject to explanation. 4. The court erred in allowing the amendment to the complaint.

*Webster & Baker*, for respondent:

1. The services and earnings of a minor belong to the father, and the action for their recovery must be in his name. 2. The defendant, by availing itself of the teacher's services, accepted and ratified the contract made with her. *Helms v. McFadden*, 18 Wis., 191. If this is not so, at least by its vote at the meeting held October 24, 1873, to raise $75 to pay for the school taught by plaintiff's daughter, the district ratified the contract made with her. It does not appear that this sum, in addition to the amount previously raised by the district for the support of the school, was not sufficient to pay the whole amount of plaintiff's claim. 3. The evidence offered by defendant as to propositions offered at the meeting of August 25, 1873, was properly rejected. (1) The records of the meet-

ing are the best evidence of what business was done thereat. (2) The district had no power to pass any resolution affecting the plaintiff's rights after they had accrued.

COLE, J. Is there any difficulty in the way of the father maintaining this action to recover the wages of his daughter, a minor child? This, as it seems to us, is the only serious question in the case. The daughter was employed by the officers of the district to teach the district school. A written contract was entered into between the officers of the district and the daughter, by which it was agreed that she should teach the school for four months, and should be paid $25.00 a month for her services. The father was present when the contract was entered into, and assented to his daughter's entering into it. The contract has been performed on her part, and the district refuses to pay either the father or child for the services rendered. It would be difficult to justify the refusal of the district to pay any one for these services, upon principles of equity and good morals. But it is suggested that the defendant is not liable to the father, and that this action cannot be maintained. The argument in support of the position is this. By the school laws, it is said, a minor is competent to contract as a school teacher: and a contract of a minor, duly made with the district board, to teach the district school, is a valid agreement, to be governed by ordinary rules, and to be enforced by the minor the same as if adult. It is conceded that the parent has the right to prevent his minor child from teaching, but, assenting to the teaching, he must be held to assent to the contracting with all its legal consequences. This, in brief, is the reasoning on this point. Is it satisfactory and conclusive?

It may be and doubtless is true, that a minor, who possesses the essential qualifications in regard to moral character, learning and ability, and who has obtained the requisite certificate, may, with the assent of his parents, enter into a valid contract to teach school. But does it follow, because the parent as-

Monaghan vs. School District No. 1 of the Town of Randall.

sents to this employment, that he emancipates his child and relinquishes all claim to his services?

By law, the father is under obligation to support his infant child, and he is entitled to receive the child's earnings. And "it is certain that a father may, by agreement with his minor child, relinquish to the child the right which he would otherwise have to his services, and may authorize those who employ him to pay him his wages, and will then have no right to demand those wages, either from the employer or from the child." 1 Parsons on Con., 310; *Jenny v. Alden*, 12 Mass., 375; *Whiting v. Earle*, 3 Pick., 201; *Wodell v. Coggeshall*, 2 Met., 89; *Burlingame v. Burlingame*, 7 Cow., 92; *Boynton v. Clay*, 58 Me., 236. In the present case there is no pretense that the father has emancipated his daughter, or waived his right to her services, further than is to be inferred from the mere fact that he was present and assented to her executing the written contract in her own name. The law seems to contemplate that the contract shall be made with the teacher (ch. 101, Laws of 1872); and this probably was the reason why the father did not sign it. But he adopted it and approved of it, and, so far as appears, is the real party in interest. It appears that the daughter was about sixteen years of age, and the father was charged with certain duties in respect to her, as education, support and protection. And, as some compensation for these duties, he has the right to claim her earnings, and there is no substantial objection to his maintaining this action. We are quite clear that a recovery will bar any future action by the minor.

We will further add, upon this point, that there is an entire absence of all proof which tends to show that the plaintiff intended to relinquish his claim to his daughter's wages. Whether such relinquishment should be inferred when he *actually* executes the contract himself which authorizes payment to his minor child, is not a question before us. The facts of this

case show that he is entitled to claim her wages and can maintain the action.

It is objected that the contract made with the daughter was entered into by the school board without proper legal authority, and was not binding on the district. It appears that at the annual meeting preceding the date of the contract with Miss Monaghan, the district voted to raise $150 for repairs and teachers' wages; and that at a special meeting held in February, 1873, called, among other things, to vote a tax for a summer school, the meeting voted that the teacher of the summer school should be paid only $20 per month, and should board around among the people of the district. A teacher had been previously employed to teach the winter school for four months, commencing November 1, 1872. And it is said that the electors of the district had at these meetings clearly indicated their will as to the length of time a school should be taught in the district for that year, and had restricted the board as to the amount of wages which should be paid. The law authorizes the inhabitants, at their annual school meeting, among other things, to determine the number of months a school shall be taught in their district the ensuing year, which cannot be less than five months. It does not appear that the time was determined at the annual meeting, except so far as it may be inferred that the electors intended to restrict the time to five months, from the amount of tax voted for repairs and teachers' wages. But, conceding that the officers of the district exceeded their authority in making a contract with Miss Monaghan to teach the summer school for four months (a question we do not wish to be understood as deciding), still the district accepted the services, ratified the contract, and expressly voted to raise $75 to pay her, at the meeting held October 24, 1873. Obviously this was a full ratification and adoption of the contract by the district, with a knowledge of all the facts.

We do not think there was any error in excluding the evidence offered by the defendant as to the propositions brought

before the meeting held in August, 1873. The record was the best evidence of what business was transacted at that meeting.

Nor was there any error in allowing the amendment to the complaint on the trial. It was a mere formal amendment, and could not have prejudiced the rights of the defendant.

*By the Court.* — The judgment of the circuit court is affirmed.