## WILDS ET AL. *v.* BOGAN.

FRAUD.—*Conveyance to Defraud Creditors.—Action to Subject Land to Execution.—Husband and Wife.*—Lands purchased with the means of a judgment debtor having no property subject to execution, and by him procured to be conveyed to himself and wife jointly, with the right of survivorship, for the purpose of defrauding his creditors, may be subjected to an execution upon such judgment, in an action for that purpose, against such grantees.

SAME—*Alteration of Conveyance.*—Such action may be in like manner sustained, where such conveyance has first been so procured and made to the debtor himself and afterwards changed by inserting the name of his wife, with a clause of survivorship.

SAME.—*Evidence.*—On the trial of such cause, if the evidence does not identify such land nor show any title thereto in such debtor, nor by whom

the purchase-money therefor was paid, judgment should be rendered for the defendants.

NEW TRIAL.—*Cause.*—Where the cause relied upon in a motion for a new trial is error of law occurring on the former trial, such error must be particularly specified in such motion.

From the Boone Circuit Court.

*W. B. Walls* and *J. Claybaugh,* for appellants.

*J. N. Sims, L. McClurg* and *J. V. Kent,* for appellee.

BIDDLE, J.—Complaint by appellee, averring that at the October term of the Clinton circuit court, 1871, by the consideration of said court, she recovered a judgment against William W. Wilds, for a breach of promise of marriage, for seven hundred dollars and costs, and which remains wholly unpaid. That, on the 17th day of January, 1871, said William W. Wilds fraudulently, with the intent to hinder, delay and defraud his creditors, particularly the appellee, caused lot sixteen, in the town of Kirklin, Clinton county, to be conveyed to the said William W. Wilds and his co-appellant Mary B. Wilds, his wife, with the right of survivorship therein. That the property was purchased with the assets of William W. Wilds, alone, all with the knowledge and consent of the said Mary. That the said William has no other property whereof to make the plaintiff's judgment.

A second paragraph of complaint alleges the same facts, with the exception that it charges that the title of the lot was first taken in the name of William W. Wilds, solely, and afterwards changed by inserting the name of Mary B. Wilds in the deed, and to the survivor, as averred in the first paragraph. The venue was changed from the Clinton circuit court, to the Boone circuit court.

A demurrer to each paragraph of the complaint, alleging an insufficiency of facts as ground, was overruled and exceptions taken.

Answer in denial; trial by jury; verdict for appellee; motion for a new trial; causes filed, assigning,

"1st. That the verdict is not sustained by sufficient evidence;

"2d. That the verdict is contrary to law;

"3d. Error in law arising during the trial; and,

"4th. Error of the court in charging the jury."

Motion overruled, exceptions, judgment subjecting the lot to sale to pay the appellee's judgment.

We are of opinion that each paragraph of the complaint is sufficient.

The motion for a new trial raises but a single question, —the sufficiency of the evidence to sustain the verdict. The third and fourth causes for a new trial are too indefinite to raise any question, as we have often decided, and the third cause being insufficient, no cause is presented by the second. The evidence is before us, and it is clearly insufficient. It shows the recovering of the judgment in favor of the appellee, as averred in the complaint, by introducing the record. Then two witnesses testify about a deed, but the parties to the deed are not fully named, what deed they are testifying about is not mentioned, no description of the property is given, nor whose money paid for it; no deed is introduced in evidence, nor the record of the deed, nor their absence accounted for; in short, there is no evidence in the case showing that any title, or scarcely tending to show that any title, of the property described in the complaint, is in William W. Wilds. The verdict cannot be sustained.

The judgment is reversed, with costs. Cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.