SARAH M. EATON, PLAINTIFF IN ERROR, v. FRANK CARRUTH, DEFENDANT IN ERROR.

1.  **Bill of Exceptions.**  Instructions of the court to the jury, a motion for a new trial, and all matters required by the statutes to be filed with the clerk and entered upon the journal of the court, should not be embodied in a bill of exceptions.

2.  **Practice:**  INSTRUCTIONS TO JURY.  An instruction which in effect withdraws a case from the jury, cannot be sustained where there is testimony that should be submitted to them.

ERROR from the district court for Cass county.  Tried below before POUND, J.

*J. H. Foxworthy*, for plaintiff in error.

Instruction No. 2 (recited in the opinion) takes from the jury the right to find whether there had been a delivery of the property to the plaintiff.  *Meredith v. Kennard*, 1 Neb., 319.  *Meyer v. M. P. R. R. Co.*, 2 id., 338.  *Billings v. McCoy*, 5 id., 191.  *Hail Ins. Co. v. Wilde*, 8 id., 431.  *Gillet v. Corum*, 5 Kans., 612. *Price v. Mahony*, 24 Ia., 582.  *Olive v. State*, ante p. 1.

*Smith & Strode*, for defendant in error, stating that there being evidence to show that plaintiff exercised no acts of ownership over the building, and that the

conveyance was void as to defendant's grantee, a cred-itor of plaintiff's grantor, cited *Crumbaugh v. Kugler*, 2 Ohio St., 373. *Amick v. Young*, 69 Ill., 542. *Craw-ford v. Kirksey*, 55 Ala., 282. *Wake v. Griffin*, 9 Neb., 47. *Hunt v. Spencer*, 20 Kans., 126. *Purkett v. Polack*, 17 Cal., 332. *Potter v. McDowell*, 31 Mo., 69.

MAXWELL, CH. J.

Before proceeding to the consideration of this case I will call attention to the condition of the record. First in order is the petition and precipe, filed April 20, 1878. Second, a copy of the summons dated April 20, 1878. Third, an amended petition filed May 24, 1878. Fourth, a demurrer to the amended petition, filed November 11, 1878. Fifth, a motion to strike the demurrer from the files, upon which there was no ruling of the court. Sixth, a demurrer to the petition, upon which there was no ruling. Seventh, an answer filed April 23, 1879. Eighth, a demurrer to the answer filed May 1st, 1879, upon which no ruling seems to have been had. Ninth, the reply filed Sept. 18, 1879. We then have the entries of continuances from the commencement of the action upon which no point is raised. The issue is made by the amended petition, answer, and reply. No question is raised on the orig-inal petition, summons, motions, demurrers, or contin-uances, and they should be omitted from the record as needlessly cumbering it and entailing unnecessary expense. In addition to the above, the motion for a new trial is certified by the clerk and is twice copied into the bill of exceptions. The instructions are cer-tified by the clerk and are also embodied in the bill of exceptions. The verdict of the jury is copied into the exceptions and is also certified by the clerk. The ob-ject of a bill of exceptions is to bring into the record matter which is not otherwise properly a part of it.

*Ray v. Mason*, 6 Neb., 101.  *Credit Foncier of America
v. Rogers*, 8 Id., 34.  *Aultman v. Howe*, 10 Id., 10.  But
any matter which is required by the statute to be filed
with the clerk and entered at length upon the journal
of the court need not be preserved in a bill of excep-
tions, and should not be incorporated into the same,
as it is properly a matter of record, and may be certi-
fied by the clerk.  *Morrow v. Sullender*, 4 Neb., 375.
The instructions, motion for a new trial, and verdict
of the jury are properly matters of record in this state,
and should not be embodied in a bill of exceptions.
And where there is a repetition or irrelevant matter
copied into a record, the costs of the same, if the
proper motion is filed, will be taxed to the party at
fault.

The action is brought for the conversion of a frame
building situate on lot one in block thirty-five, in the
city of Plattsmouth.  The answer of the defendant:
*First.*  Denies that he converted said property to his
own use.  *Second.*  Alleges that the treasurer of Platts-
mouth seized the same as personal property to satisfy
certain delinquent taxes due from E. H. Eaton, for the
years 1869, 1870, 1871, and 1872, amounting to the sum
of $608.00, and on the 23d day of February, 1876, sold
the same to the defendant for the sum of $245, and
applied the proceeds of said sale on said delinquent
taxes, etc.  It is also alleged that E. H. Eaton, to
"evade the payment of his just debts, falsely, wrong-
fully, and unlawfully procured this plaintiff to claim
ownership of said property," etc.

The reply denies " each and every allegation of new
matter " contained in the answer, and specially denies
that E. H. Eaton was indebted to the city of Platts-
mouth in the sum of $608.00 for taxes due said city
for the years 1869, 1870, 1871, and 1872, as alleged in
the answer, or in any sum whatever.

On the trial of the cause, a verdict was returned in favor of the defendant, upon which judgment was rendered. The plaintiff brings the cause into this court by petition in error.

The principal error relied upon is the second instruction, which is as follows: "In order to make a gift of personal property valid, there must be a delivery either actual or symbolical, depending on the character and situation of the property which is the subject of the gift. And in this case it was not sufficient to make the gift valid that the plaintiff's husband made and delivered to plaintiff the paper 'writing, which has been introduced in evidence, whereby the husband purports to give the said property to the plaintiff, but there must have been a delivery of the property or some act of ownership exercised over it by the plaintiff."

The plaintiff claims title to the property in question under the following document: "To Mrs. S. M. Eaton, greeting: Centennial New Year's gift, Plattsmouth, January 1st, 1876. Happy New Year. Compliments of E. H. Eaton to S. M. Eaton. I hereby give and bequeath all title and interest in store house on lot No. 1, B 35, on Main street, of Plattsmouth. As witness my hand January 1, 1876.

"E. H. EATON."

"Said building is now occupied by lease to M. J. Mateer for three months from January 1, to April 1, 1876, at $25.00 per month, payable monthly in advance. Said building stands on leased ground subject to ground rent. January 1, 1876.

" E. H. EATON."

Some objection is made to the form of the words "give and bequeath" as denoting a gift by will, but this objection is not strenuously insisted upon, and construing the entire instrument together there is no

doubt that it was intended as a gift *in præsenti*. And particularly is this evident when it is read by the light of the testimony in the case.

The testimony on the part of the plaintiff tends to prove that the gift was made about the 1st of February, 1876, and that the property then became the plaintiff's, and that E. H. Eaton collected the rent for the use of the plaintiff from the date of the alleged gift until the sale of the property to the defendant. This testimony the court entirely disregarded, and by its instructions virtually withdrew the case from the jury. In this there was error. The defendant has entirely failed to show by legitimate testimony that any taxes were due from Eaton to the city of Plattsmouth, or that the property in question was sold under lawful authority. By the issue made in the pleadings, the onus is upon him to prove those facts. The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.