Clemens v. Brillhart.

GARRET S. CLEMENS, APPELLANT, V. GEORGE A. BRILL-HART, IMPLEADED, ETC., APPELLEE.

1. **Fraud:** CONVEYANCES TO DEFRAUD CREDITORS: EVIDENCE. Where there are fraudulent transfers of property to prevent the collection of debts, it is the duty of the court to ascertain if possible the time and manner of the creation of the several debts in order to determine whether the transfers were made after the debts were incurred, or with an intention to create debts.

2. ———: PRESUMPTION. Fraud will not be imputed where the circumstances and facts upon which it is based may consist with honesty of purpose.

3. ———: BURDEN OF PROOF. A party attacking the validity of a transaction assumes the burden of proof.

4.    **Parent and Child.** A father may emancipate his minor son and relinquish all right to his future earnings, and such relinquishment may be implied from circumstances.

APPEAL from Johnson county district court. Heard below before BROADY, J.

*T. Appleget & Son,* for appellant.

*V. D. Metcalfe* and *Babcock & Davidson,* for appellee.

MAXWELL, J.

This is an action to foreclose a mortgage executed by Jacob S. Brillhart to Andrew J. Brillhart on the 28th of April, 1877, upon certain real estate, to secure the payment of eight promissory notes of $200 each, with interest at eight per cent. George A. Brillhart was permitted to intervene, and filed an answer wherein he alleges that in January, 1884, he commenced an action by attachment against Jacob S. Brillhart to recover the sum of $2,426.20 and interest, and that the attachment was levied upon the mortgaged premises; that the mortgage in question was given without consideration, and for the purpose of defrauding the intervener. On the trial of the cause the court found that the lien of the attachment was superior to that of the mortgage and rendered a decree accordingly. The plaintiff appeals. The testimony fails to show that the plaintiff is a *bona fide* purchaser of the notes in question, and therefore he possesses no greater rights therein than the payee of the notes. Where there are fraudulent transfers of property to prevent the collection of debts, it is the duty of the court to ascertain the date and manner of the creation of the several debts in order to determine whether the transfers were made before or after the debts were incurred, or with a view to the creation of the debts.

It appears from the record that the mortgagee is a son of the mortgagor, and is of weak mental capacity; that in

the year 1869 the mortgagor was running a steam flouring mill at Fairbury, Illinois; that the son was fireman, and continued so employed until the fall or winter of 1871, when the mortgagor was indebted to him in the sum of $500, for which he gave him his promissory note; that afterwards the mortgagor went to Arkansas and operated a saw mill for a few years, where the son assisted him, the amount of wages being agreed upon. Afterwards to secure this indebtedness the mortgage in question was made. The indebtedness to George A. Brillhart accrued partly in 1869, "part in 1870, and the balance in 1871." He fails to show what part accrued in these several years. For aught that appears the greater part of it may have accrued in 1871. He is attacking the validity of the transaction, and the burden of proof is upon him. *Hamilton v. Bishop,* 22 Iowa, 211. *Pratt v. Pratt,* 96 Ill., 184. *Darling v. Hurst,* 39 Mich., 765. *Wilds v. Bogan,* 55 Ind., 331. *Hathaway v. Brown,* 18 Minn., 414. *Miller v. Finn,* 1 Neb., 254. Fraud will never be imputed where the circumstances and facts upon which it is predicated may consist with honesty and purity of intention. Bump on Fraud. Conv. (3d edition), 603, and cases cited. Applying this rule to the testimony in this case we find that from 1869 to 1871 Jacob S. Brillhart was doing considerable business. It is not claimed that he was insolvent during those years. There is no proof or claim that the son did not render the services as alleged, nor that the amount of compensation agreed upon was not just and fair. Nor does the fact that the son was a minor at this time raise a conclusive presumption against him. While the law, in the absence of stipulations to the contrary, authorizes the parent to appropriate the earnings of his minor child, yet the right arises out of the obligation to support and educate the child. But there may be a mutual abandonment of the rights and duties of parent and child, and a relinquishment of all the property in the child's earnings. *Mc-*

*Closkey v. Cyphert,* 27 Penn. St., 220. *Dick v. Grissom,* 1 Freem. Ch., 428. *Dierker v. Hess,* 54 Mo., 246. And an insolvent father may give his son his time and future earnings so as to benefit the child as against the father's creditors. *Atwood v. Holcomb,* 39 Conn., 270. In other words creditors have no vested rights in the future earnings of the minor children of the debtor. A parent's relinquishment of all claim to the earnings of his minor child may be implied from circumstances. *Monaghan v. School District,* 38 Wis., 100. *Dierker v. Hess,* 54 Mo., 246. Schouler on Dom. Rel. (3d Ed.), 267. The testimony in this case raises a presumption of emancipation of the son and a liability of the father to pay for his services. The intervener therefore has no superior right over the son for the amount due for wages to 1871. As to the wages due for the services rendered in Arkansas, the proof is not so clear, but seems to sustain the finding of the court below. The decree of the court below will be modified so as to give the plaintiff a first lien on the mortgaged premises for five hundred dollars with interest at eight per cent from the year 1871 to date, and as thus modified it is affirmed.

DECREE ACCORDINGLY.

THE other judges concur.