F. L. BLUMER v. GEORGE A. BENNETT ET AL.

FILED APRIL 16, 1895.   No. 6175.

1. **Trial**: EXCEPTIONS. The taking of an exception is the act of parties or counsel in court. The notation of the exception on the record is merely evidence of the fact.

2. **Review**: RECORD OF INSTRUCTIONS. Instructions given and refused are a part of the record and need not be and should not be embodied in a bill of exceptions.

3. **Trial**: EXCEPTIONS TO INSTRUCTIONS. The notation of the words "given" or "refused," as required by statute, on the margin of the instructions, is also a portion of the record, indicating the court's ruling on the instruction, and an exception is properly noted by a memorandum on the margin of the instructions.

4. ——: ——. Where counsel, when instructions were given, indicated in open court their desire to except thereto, and afterwards themselves noted their exceptions by a memorandum on the margin of the instructions, *held*, that the court, in overruling a motion to strike from the record such memorandum, adopted and ratified the notation, and such notation being in accordance with the facts, there was no error in the court's ruling.

5. **Fraudulent Conveyances**: BURDEN OF PROOF. Where the vendee or mortgagee of chattels takes immediate possession and continuously retains possession, in a contest between such vendee or mortgagee and creditors of the vendor or mortgagor the burden of proof is on the creditors to show both a fraudulent intent on the part of the vendor or mortgagor and participation therein on the part of the vendee or mortgagee.

ERROR from the district court of Douglas county. Tried below before SCOTT, J.

*Estelle & Hoeppner*, for plaintiff in error, cited: *Sloan v. Coburn*, 26 Neb., 607.

*W. W. Morsman*, contra, cited: *Goodrich v. Downs*, 6 Hill [N. Y.], 438; *Barney v. Griffin*, 2 N. Y., 365; *Leitch v. Hollister*, 4 N. Y., 214; *Sukeforth v. Lord*, 25 Pac. Rep.

[Cal.], 497; *Brigham v. Jones,* 29 Pac. Rep. [Kan.], 309; *Beels v. Flynn,* 28 Neb., 575; *Hedman v. Anderson,* 6 Neb., 399; *Tallon v. Ellison,* 3 Neb., 75; *Montieth v. Bax,* 4 Neb., 170; *Cleveland Paper Co. v. Banks,* 15 Neb., 20; *Cadwallader v. Blair,* 18 Ia., 420.

IRVINE, C.

The defendants in error have presented a cross-petition in error to reverse an order of the district court overruling their motion to strike from the record notations of exceptions on the margin of the instructions. Inasmuch as most of the assignments in the plaintiff's petition in error relate to the instructions it is necessary to consider and decide upon the questions presented by the cross-petition before reviewing the case on the principal petition in error. The record filed with the cross-petition consists of the motion to strike from the record the notation of exceptions and an order overruling the same without any specific findings. There is also attached, duly settled and authenticated, a bill of exceptions embodying the affidavits used on the hearing of this motion, the judge's certificate to this bill of exceptions containing specific findings of fact and the reasons of the court for overruling the motion. The reasoning of the court is not properly a part of the record in any place, and the special findings, to be available, should be embodied in the record and not in the bill of exceptions. The record filed with the plaintiff's petition in error shows on the margin of each instruction given or refused a notation to the effect that plaintiffs except. After this notation appear, in some instances, the words "Scott, Judge," and from the affidavits filed and used on the hearing of the motion to strike, it appears that immediately after the court charged the jury and refused the instructions which were refused, counsel on both sides arose before the jury had left the box and indicated their desire to take exceptions; that one of plaintiff's attorneys stated that he intended to take

exception to the instructions given and to the refusal to give those by him requested, and that the court remarked that no formal exceptions need be taken at that time, but might be taken any time within three days after the verdict; that counsel acquiesced in that ruling, and very soon after the verdict was returned one of plaintiff's attorneys went to the clerk's office and himself made the notations referred to on the margin of the instructions.

The defendant in error, in support of his cross-petition, argues that the notation of the exceptions by counsel was unauthorized and of no avail; that the instructions should be incorporated in the bill of exceptions and are not part of the record, or, if the instructions themselves are a part of the record, that the exceptions thereto are not and must appear by bill of exceptions and not by the transcript. In order to come to a consideration of these points it is necessary to refer to the statutes. Chapter 19, section 52, Compiled Statutes, makes it the duty of the judges to reduce their charges to writing unless the same be waived in open court "and so entered in the record of said case." Section 53 provides for the modification of instructions requested by the use of such characterizing words as "'changed thus,' which words shall themselves indicate that the same was refused as demanded." Section 54 requires the court to read the instructions given to the jury, to announce them as given, and to announce as refused all those which are refused and to write the word "given" or "refused," as the case may be, on the margin of each instruction. Section 55 requires all instructions to be filed by the clerk, and provides that "such instructions shall be preserved as part of the record of the cause in which they were given." Section 307 of the Code of Civil Procedure defines an exception as "an objection taken to a decision of the court upon a matter of law." Section 308 requires the party objecting to the decision to except at the time the decision is made. Section 310 provides that where the de-

cision objected to is entered on the record and the grounds of objection appear in the entry, the exception may be taken by the party causing to be noted at the end of the decision that he excepts.    In *Eaton v. Carruth*, 11 Neb., 231, it was said that the instructions are properly matters of record in this state and should not be embodied in a bill of exceptions.    Practically the same language was used in *Cleveland v. Banks*, 15 Neb., 20.    It may be conceded that the expressions in both cases were mere *dicta;* but they have been followed in practice for many years, and having become a rule of practice, should not be departed from without the gravest reasons for so doing.    We do not think such reasons exist.    On the contrary, we are clearly convinced that the rule announced in those cases is correct.    The sections from chapter 19 referred to make it too plain for construction that the instructions on being filed become a part of the record.    If so, they need not be, and should not be, embodied in a bill of exceptions, because the office of the bill of exceptions is to bring into the record what otherwise would not there appear.    So, too, section 54 of chapter 19 requires the court to write the word "given" or "refused," as the case may be, on the margin of instructions. This is made the more manifest by the provision of section 53, whereby the use of characterizing words in modifying an instruction requested is made equivalent to the use of direct words showing that the instruction as requested was refused.    We, therefore, hold that construing these sections the instructions given and refused are a part of the record, and that the marginal notes by the judge indicating his ruling thereon become also a part of the record, as much so as a journal entry embodying a ruling of the court, and that, therefore, neither the instructions nor the action of the court thereon need be, or should be, embraced in the bill of exceptions.    Passing on to the requirements of the Code in regard to exceptions, we note, first, that it is not required that in objecting or excepting to a ruling on the instructions

any specific reason need be given. Therefore, the instruction and the decision of the court in giving and refusing it appearing of record, it is sufficient, under section 310, in order to note an exception thereto that the party excepting should cause it to be noted at the end of the decision. We do not think that this section is important so far as it applies to the mere place of notation, but even if the notation must be at the end of the decision and nowhere else, in the case of instructions the end of the decision would be the court's marginal note. The exception is the act of the party at the time of the ruling complained of, the notation is merely the evidence of such action—the exclusive evidence it is true, but still merely evidence and not the main fact. Now it appears from the proof offered that counsel did as much as could be done when the court ruled upon the instructions. Counsel arose and announced their desire to take exceptions, and apparently before they were permitted to make the exceptions specific the court stopped them. The allowance of an exception is not within the discretion of the trial judge. A party is entitled to an exception as a matter of right. The court cannot refuse it, nor can the court by indirection, as by refusing to listen to counsel, deprive a party of the benefit of exception. The trial judge in this case did not undertake to prevent the noting of exceptions. He merely resorted to a practice which the writer knows to be in general use and which has strong points in its favor of delaying the noting of exceptions until after the jury retires. We think counsel must be considered as having done what they stated they desired to do and what they had a right to do at the time the court interposed, and that the notation of the exceptions after the verdict was returned was merely entering of record the evidence of what had been done at the time of the court's rulings. Nor do we think that in this case the fact that the notations were made by counsel was important. The court might have made the notations

at the time counsel stated their exceptions. The court
might have made the notations afterwards, or directed the
clerk so to do in order that the record might disclose the
exceptions which had actually been taken. It was irregu-
lar for counsel themselves to make the notation, but inas-
much as the court might have made them or might have
directed their making, when the court overruled the mo-
tion to strike off these notations it in effect ratified and
adopted the act of counsel. The record as it stands now
is in this respect in accordance with the facts as disclosed
by the bill of exceptions. The court did not err in over-
ruling defendant in error's motion and its action is in that
respect affirmed.

We now come to a consideration of the plaintiff's peti-
tion in error. The action was one in replevin by Blumer
against the sheriff of Douglas county to recover the posses-
sion of a stock of merchandise which had been levied upon
by the sheriff under a writ of attachment sued out by the
Kilpatrick-Koch Dry Goods Company against one Luch-
singer. The plaintiff claimed under an instrument exe-
cuted by Luchsinger in form of a bill of sale containing
the following provision: "The said F. L. Blumer agrees
to take immediate possession of the said property, to sell
the same at retail in the usual course of trade and to ac-
count to the said Fred Luchsinger for any sum or surplus
there may be over the said amount of money first above
named, and the expenses of keeping said property and
selling the same as aforesaid." This instrument was given
ostensibly to secure the payment of a debt from Luchsinger
to Blumer, and there is evidence tending to show that
Blumer took immediate possession under the bill of sale
and retained possession until the levy of the attachment.
The sheriff and the Kilpatrick-Koch Dry Goods Company,
which was allowed to intervene, contended that the con-
veyance to Blumer was in fraud of creditors.

The court instructed the jury in the first instruction given

that the burden of proof was upon the plaintiff to establish by a preponderance of the evidence that he was entitled to the possession of the property, and that in determining that question the jury should determine under the evidence, first, the purpose for which the instrument already described was given and accepted, and second, whether it was given to secure a *bona fide* debt. The instrument was in all respects similar in form to that under consideration in *Sloan v. Coburn*, 26 Neb., 607. It was held in that case that such an instrument was in effect a chattel mortgage, and that it was not void on its face. The fact of the execution and delivery of the instrument was admitted of record, and, as we have said, there was proof tending to show that Blumer took immediate possession thereunder. There was established a conveyance in fact and in form, and if immediate possession was taken by Blumer, the presumption was that the conveyance was in good faith. Fraud is never presumed, but must be proved by the party alleging it. The burden is on one attacking the validity of a transaction to establish its invalidity. (*Clemens v. Brillhart*, 17 Neb., 335.) To this rule, in such cases as the present, our statute (ch. 32, sec. 11, Compiled Statutes) creates one exception, to-wit, that where a conveyance of chattels or mortgage thereon is not accompanied by an immediate change of possession and followed by continued possession in the grantee, such conveyance or mortgage is presumably fraudulent as against creditors and throws upon the grantee the burden of showing that it was made in good faith and without intent to defraud. There could be no inference from the instruction quoted except that, regardless of the evidence tending to show a change of possession, the burden of proof was put on plaintiff to establish his good faith.

The second instruction is open to the same objection.

The fifth instruction is as follows:

"5. The burden is cast on the plaintiff to satisfy you by a preponderance of the evidence that he paid a considera-

tion for the execution of the instrument under which he claims the right to the possession of the goods and chattels in controversy.    If the plaintiff has satisfied you by a preponderance of the evidence in the case that the instrument under which he claims possession of the property was based upon a valuable consideration, then the burden of proof is cast upon the defendant to show by a preponderance of the evidence that the instrument was given by Luchsinger for the purpose of cheating and defrauding his other creditors; and if the testimony does so satisfy you by a preponderance of the evidence, then it becomes incumbent on the plaintiff to satisfy you by a preponderance of the evidence that he, the plaintiff, did not participate in or have knowledge of such fraudulent intent and purpose of said Luchsinger and that he, the plaintiff, took the instrument in good faith and for the purpose of securing a *bona fide*, then existing, debt from Luchsinger to him."

It is doubtful whether the direct instructions in the first and second paragraphs, that the burden was on plaintiff to show good faith, could be corrected by a subsequent instruction stating the rule correctly, but even if they could, this fifth paragraph did not state the rule correctly.    It is not the law that the burden of proof of fraud depends solely upon the existence of a valuable consideration, nor is it the law that when a creditor has established a fraudulent intent on the part of the debtor, the burden shifts and the grantee is required to show that he did not participate in such fraudulent intent.    On the contrary, except in cases where the burden is on the party claiming under the conveyance to establish his good faith, a creditor attacking the conveyance must show by a preponderance of the evidence both that the grantor was actuated by a fraudulent intent and that the grantee participated therein or had notice thereof.    For the errors referred to the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.