GEORGE A. BENNETT ET AL. V. CHARLES C. McDONALD.

FILED SEPTEMBER 22, 1897. No. 7336.

1. **Instructions:** RECORD FOR REVIEW. Instructions to the jury, whether given or refused, when filed in a cause, are a part of the record and need not be embodied in a bill of exceptions.

2. ———: EXCEPTIONS. An exception to an instruction is sufficiently

preserved by the trial court noting the fact on the margin of such instruction.

3. ——: ——. Exception to instructions as a whole is insufficient unless each paragraph is erroneous.

4. Rulings on Evidence: EXCEPTIONS. Error cannot be successfully assigned upon the admission or exclusion of evidence, where no exception was taken to the ruling at the time it was made.

5. Witnesses: CROSS-EXAMINATION: FRAUDULENT CONVEYANCES. A failing debtor conveyed his property to his father-in-law, and the latter was examined as a witness in his own behalf, in a suit which he brought against the sheriff, who had seized the property under execution in favor of the creditor of the vendor. *Held*, That the cross-examination of the witness was too restricted.

ERROR from the district court of Douglas county. Tried below before BLAIR, J. *Reversed.*

*Hall, McCulloch & Clarkson,* for plaintiffs in error.

*W. W. Morsman, contra.*

NORVAL, J.

This action was brought by Charles C. McDonald upon the official bond of George A. Bennett, late sheriff of Douglas county, for the conversion by the latter of a stock of lumber and other personal property. Plaintiff claims the property under and by virtue of two bills of sale executed by W. L. Irish, who was the former owner of all, or the greater portion, of the chattels. The defendant sheriff seized said property under an attachment issued in favor of Charles L. Chaffee and against the said Irish. The amended answer of the defendants denies the conversion, admits the official character of the defendant Bennett, the execution of the bond, and the levy of the attachment, and avers "that the said plaintiff is the father-in-law of the said W. L. Irish; that at the time of the levy of the said writ the said Irish was insolvent, and that he had transferred, or pretended to transfer, all his property used in his said business, and all his property to which his creditors would look for payment of their debts, to the said McDonald under and by virtue of certain bills of sale,

through and under which the plaintiff claims; that the said defendant in levying said attachment writ did so for one C. L. Chaffee, who was a creditor of the said W. L. Irish, and that the said C. L. Chaffee has recovered a judgment therein and that, after the sale and application of the property taken under this writ in attachment, there is still due to the said C. L. Chaffee the sum of over $2,000; and that the instruments under which said plaintiff claims are fraudulent and void as against the said attachment creditor, C. L. Chaffee, * * * and were made to hinder and delay him in the collection of his debts, and were without consideration." The reply was substantially a general denial. The trial resulted in a verdict for the plaintiff, and to reverse the judgment entered thereon these proceedings are brought by the defendants.

The assignments of error may be grouped in three classes: (1) The giving and refusal of instructions; (2) the rulings upon the reception and exclusion of testimony; (3) the sufficiency of the evidence to support the verdict and judgment.

It is contended by counsel for plaintiff below that this court cannot review the charge to the jury, or consider any assignment of error based thereon, because the instructions given are not embodied in the bill of exceptions. A like question was determined in *Blumer v. Bennett*, 44 Neb., 873, wherein it was ruled that instructions given, as well as refused, on being filed become a part of the record and should not be incorporated in the bill of exceptions; furthermore, that exceptions to instructions are properly preserved by the notation of such exceptions on the margin of the instructions. Each request of the defendants to charge, which was not given, contains the following memorandum on the margin thereof: "Refused. Deft. excepts. J. H. Blair, Judge." This complied with the decision in *Blumer v. Bennett, supra,* and properly preserved the exceptions taken to the court's refusal to give the instructions asked by defendants. The only exception to the instructions given by the court on its own

motion was taken by the defendants' counsel filing in the office of the clerk of the trial court a paper signed by them on which it is stated that they except to certain numbered paragraphs of the charge. It is argued that this is not a sufficient evidence of the fact that exceptions were taken. Whether this contention is well founded or not we shall not pause to consider, since the exception was taken *en masse* to ten separately numbered paragraphs of the instructions containing as many distinct propositions. This was too general to be available on review unless each paragraph was erroneous, and no claim is made in this court that they were all bad. (*Union P. R. Co. v. Montgomery*, 49 Neb., 429.) Moreover, the instructions given were grouped in a single assignment in the motion for a new trial, and those refused were in like manner assigned therein for error; and, one or more in each group being free from error, the others included therein cannot be reviewed.

Some of the rulings of the court below on the admission and exclusion of testimony were not excepted to at the time. Therefore the errors committed in such rulings are waived, and not available here.

Charles C. McDonald, plaintiff below, was a witness in his own behalf. He testified, among other things, to the purchase of the property in dispute from his son-in-law Willett L. Irish, the execution and delivery of the bills of sale under which plaintiff claims title, to his acquiring possession of the chattels thereunder, and to having caused a written inventory to be taken recently before the levy of the attachment by the defendant Bennett. This invoice was introduced in evidence over the objection and exception of defendants without any showing that it correctly or truly described the different items of property or their values. It is not pretended that plaintiff had any part in making this invoice, or that he was present when it was taken. The persons who made the same had not been called to testify to its correctness. It requires no argument to show that the inventory

should not have been received, but probably the ruling was not reversible error, since, by agreement of the parties, it was not read to the jury. On cross-examination of plaintiff there was propounded to him by counsel for defendants the following question: "While the indebtedness of $2,000 might either be to your wife or to yourself, it cut no figure as between you, did it?" The question was objected to as immaterial and not cross-examination, which was sustained by the court, and the witness was not permitted to answer the interrogatory. This ruling is now assailed, and we think justly so. It was within the bounds of a proper cross-examination. Plaintiff had already testified to the consideration for the bills of sale, a portion of which he stated was $2,000 he had loaned for his wife to Mr. Irish a long time before and had taken a note therefor in her own name and that she had turned the note over to plaintiff. The defendants assailed the transfers, claiming that they were without consideration and made for the purpose of defrauding the creditors of the vendor. On cross-examination it was competent for the defendants to go fully into the question of consideration, for the purpose of showing, if possible, whether the transaction was colorable. Fraud being charged, much latitude should have been given upon cross-examination, especially in view of the relationship existing between the parties. The cross-examination of plaintiff in this and other respects disclosed by the record was too much restricted for the ascertainment of the entire truth of the transaction. (*Lane v. Starkey*, 15 Neb., 290.) We are also persuaded that plaintiff was allowed to introduce hearsay evidence, the questions eliciting the same being indicated on page 19 of briefs of defendants below.

The conclusion reached makes it unnecessary to consider the sufficiency of the evidence to support the findings. The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

HARRISON, J., not sitting.