GORDON and others, Respondents, vs. HARLEY, Garnishee, Appellant.

*January 19 — February 8, 1898.*

*Voluntary assignment: Preferences: Fraud.*

Under sec. 1693a, S. & B. Ann. Stats. (providing that all assignments for the benefit of creditors which give preferences, except for wages of laborers, servants, and employees, earned within six months prior thereto, shall be void), a manifest purpose on the part of an assignor, in giving preferences to his daughter and minor son, to bestow upon them a bounty in excess of the wages earned by them within six months prior to the assignment, or at all, renders the assignment void.

APPEAL from a judgment of the circuit court for Dodge county: WARHAM PARKS, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Burke & Babcock*, and oral argument by *Michael E. Burke*.

*G. F. Martin*, for the respondents.

CASSODAY, C. J.   It appears from the record that December 9, 1895, one Max Roth made a voluntary assignment for the benefit of his creditors to the defendant *Harley;* that in and by such assignment the assignee was required to first pay all and singular the debts and demands set forth and enumerated in a schedule thereunto annexed, marked "Schedule C," the same being wages due to laborers, servants, and employees of the assignor, Max Roth, earned within six months prior to the date thereof, and after the payment in full of all the debts designated in Schedule C, in the manner so directed, then, by and with the residue and remainder of the net proceeds of the estate, to pay all other indebtedness of the assignor *pro rata* and without preferences; that Schedule C, so referred to in the assignment, gave as "Class No. 1 — Minnie Roth, for work, labor, and services as a

clerk, six months, at $15 per week, for twenty-seven weeks, $405; Julius Roth, for work, labor, and services as a clerk, for six months, at $12 per week, for twenty-seven weeks, $324;" that *Harley* thereupon qualified as required by law, and entered upon the discharge of his duties as such assignee; that December 31, 1895, the plaintiffs commenced an action upon an account in the circuit court against Max Roth to recover $220, and at the same time garnished the defendant *Harley;* that *Harley,* as such garnishee, answered, denying all liability, and justified under the assignment; that the plaintiffs elected to take issue with such answer, which was in due form; that February 11, 1896, the plaintiffs recovered judgment in the principal action against Max Roth for $247.69; that subsequently such issue in the garnishee action was tried by the court.

At the close of the trial the court found, in effect, as matters of fact in addition to the facts stated, that in and by the assignment and Schedule C thereto attached Max Roth attempted to prefer his daughter Minnie Roth and minor son Julius Roth as preferred creditors, for labor performed by them; that in and by such pretended preferences more than six months' time was included in the amount which the assignee was directed to pay to each of said children; that during the entire time Max Roth owned the stock of goods, etc., delivered to *Harley,*— which was about six months,— the average sales per day were not much, if any, in excess of five dollars; that the services of the son and daughter were not worth to exceed one half the amount so preferred to them; that the sums so preferred and directed to be paid by the assignee were greatly in excess, and, in fact, double, the amount due them; that at the time of the service of the garnishee summons said *Harley* was indebted to, or had in his possession and under his control personal property, effects, and accounts belonging to, Max Roth, with no lien or interest therein, to the amount of $1,058.36 in cash, and accounts of a nominal amount.

As conclusions of law the court found, in effect, that *Harley* was liable as garnishee to the plaintiffs in the sum of $247.69; that the plaintiffs were entitled to have said judgment paid; that the pretended assignment was fraudulent and void as to the plaintiffs; and judgment was therein ordered in favor of the plaintiffs accordingly.

From the judgment so entered the garnishee appeals.

The statute provides, in effect, that any and all assignments which contain or give any preference to one creditor over another creditor, except for the wages of laborers, servants, and employees earned within six months prior thereto, shall be void. Sec. 1693a, S. & B. Ann. Stats. That statute was considered in *Conlee Lumber Co. v. Ripon L. & Mfg. Co.* 66 Wis. 481. It was there held that " a mere mistake in giving preference to the whole claim of a creditor, when a part only might lawfully be preferred, will not invalidate an assignment." A father may, it is true, emancipate his minor son, and relinquish all right to his subsequent earnings. *Monaghan v. School Dist.* 38 Wis. 100. So a father may, undoubtedly, employ his adult children; and, in making an assignment for the benefit of creditors, may, within the limits of the statute cited, prefer them and other employees for his indebtedness to them for such services, earned within six months prior to making the assignment. But this exception in the statute cannot be lawfully used as a cover to prefer such servants for grossly extravagant wages, nor for wages earned more than six months prior to the making of the assignment.

According to the findings of the trial court, there was. a manifest purpose, in giving the preferences, to bestow a bounty on the assignor's children in excess of their wages earned within six months,— or earned at all. Such findings appear to be supported by the evidence; certainly we would not be justified in disturbing them upon this appeal. Upon such state of facts, the statute declares that the assignment shall be void. We have no more authority to extend the time

mentioned in the statute one week than we have to extend it one month or one year, nor have we any authority to enlarge such right of preference so as to include wages not ·earned at all, much less not earned within the period designated.

*By the Court.*— The judgment of the circuit court is affirmed.