McREADY *v.* ROGERS.

## McReady v. Rogers.

1. EVIDENCE : *Verdict.* A verdict of a jury in one case, in order to operate an abatement of another, must have been recovered for the identical cause of action and between the same parties.

2. —— : *Res adjudicata.* A verdict of a jury is not admissible, to show that the matter has been determined, even if it be between the same parties for the same cause of action ; because it is not conclusive of the matter.

3. SEVERAL JUDGMENTS AGAINST WRONG-DOERS. Several actions may be brought, and several judgments recovered against several wrong-doers, although but one satisfaction can be had.

4. —— : *against sureties on several attachment bonds.* A surety on one attachment bond incurs an obligation, several as respects a surety on another attachment bond, when the two are given respectively in several suits, against the same defendant, and the same property is taken upon the two writs.

5. LIABILITY OF SURETY *on an attachment bond.* A surety on an attachment bond is liable for all damages which the defendant in the writ may sustain, up to the re-delivery of the property to him, if the attachment be dissolved because wrongfully issued.

6. SURRENDER OF ATTACHED PROPERTY : *Charges.* A defendant in an attachment which has been dissolved, is entitled to the possession of the property taken under the writ, without reimbursing the sheriff what he, in order to obtain the property on the writ, paid to a carrier who had lien on it, nor what he has paid for the safe keeping of it.

7. PRACTICE : *Exceptions to charge.* If the charge of the court to the jury contain more than one proposition, and any portion of it be correct, each specific point deemed erroneous must be pointed out, and separately excepted to. A general exception will be unavailing.

Austin sued McReady in attachment. In his affidavit, as ground for the writ, he swore that the defendant had disposed of his property with intent to defraud his creditors. Rogers was the surety on the attachment bond, given by the plaintiff. The attachment was levied on certain personal property, and one Phelps was garnished. The attachment was dissolved, the court finding that McReady had not disposed of his property with fraudulent intent. There-

McReady *v.* Rogers.

upon, McReady brought this action against Rogers for his damages. The cause was tried to a jury.

On the trial, the defendant offered in evidence a verdict of a jury recovered by McReady against one Kennard, and to prove that Kennard had sued McReady in attachment and levied his writ on the same property as that taken under Austin's writ, and had garnished Phelps, prior to the suing out of the latter; that this attachment had been dissolved; and that the verdict was for damages sustained by McReady by reason of wrongful suing out of the same. The testimony was excluded by the court.

At the time of the levy of the attachment, the property was in the possession of the Chicago and North-Western Railway Company, which was holding it for its charges for unpaid freight. In order to obtain possession of it, the sheriff paid these charges. He also incurred other expenses in storing it. The court charged the jury that upon the dissolution of the attachment, McReady was entitled to have the property surrendered to him, without reimbursing the sheriff these expenses, and that Rogers was liable for all the damages which McReady sustained by reason of the wrongful detention of the property by the sheriff, upon this pretext, as well after as before the dissolution of the attachment.

The charge of the court to the jury, consisted of several propositions bearing upon distinct questions arising in the case, the correctness of some of which was not questioned. The only exception to the charge was shown by the bill of exceptions to be in these words: "To all of which charge, and each and every part thereof, the defendant by his counsel then and there excepted."

The jury found for the plaintiff, and judgment was entered accordingly.

The defendant brought this petition to reverse the judgment on the grounds indicated above.

McREADY *v.* ROGERS.

*C. S. Chase*, for the plaintiff in error, argued the following propositions :

I. A judgment in one suit for interest on money, will bar the recovery of interest on the same money for the same period of time, and to the same amount in a separate suit, although the party defendant in such suit, may have been a subsequent attaching creditor of the money, interest on which is sought to be recovered.—*Drake on Attachment*, § 178.

II. The first attaching creditor is alone liable for damages for loss of the use of money attached, if judgment go against him in favor of the attachment defendant.—*Drake*, § 251.

III. The officer, not the plaintiff nor his surety, is liable if the former retain possession of the property after the dissolution of the attachment.—*Drake*, §§ 306, 307.

*E. Wakely*, for defendant in error, contended :

I. The verdict was rightly rejected, because

1. It was not recovered between the same parties, and was not conclusive of any controversy between the parties to it.

2. Kennard's liability and Rogers' liability were several and not joint. Several actions could be brought and prosecuted to judgment, even though but one satisfaction could be had.—2 *Kent's Comm.* 389*, 508. *and notes to* 10*th ed.*

II. The charges, re-payment of which the sheriff required as condition of delivery after dissolution of the attachment could not be exacted of McReady.

1. When the attachment was dissolved, it was as if it had never issued. The payments by the sheriff were accordingly voluntary.

2. The return to the attachment showed that the sheriff

McReady *v.* Rogers.

had taken and held the property subject to the order of the court. The order in effect was, that he should return it to McReady. That was conclusive that the writ should never have issued.—*Drake*, 173.

III. The exception to the charge was unavailing.

IV. Upon the question of interest and the damage sustained by reason of the detention of the money, he cited *Drake*, § 175, *et. seq.*, 664 *et. seq.*

CROUNSE, J.

Among the errors assigned and chiefly relied on by the counsel for the plaintiff in error are :

I. The rejection of testimony offered by him in the court below, showing a verdict obtained at the same term of court, against other parties and in favor of the defendant in error, in which was included the same interest sought to be recovered in this action, and

II. Permitting the jury to consider damages arising from detention of the attached property by the sheriff, subsequent to the dissolution of the attachment.

As to the first, I cannot understand upon what principle such proof would have been material.

Certainly not to effect an abatement of this action; for this purpose the offer must have been to show a suit for the identical cause of action, and between the same parties.

Not as *res judicata*, for the like reason, that neither the parties nor subject matter are identical ; and the further reason that not until judgment, has a matter become *res judicata.*

Regarding Rogers as one of several wrong-doers, in attaching the property of McReady, the rule is, that each may be proceeded against, separately, although but one satisfaction can be had.—*Livingston* v. *Bishop*, 1 *Johns.* 290.

McReady v. Rogers.

But treating Rogers as a debtor under his bond, as was so pertinaciously insisted upon by the counsel (and the concession is here made for the argument), rather than as a wrong-doer, his obligation is several as respects Kennard. His attachment is a distinct proceeding subject to settlement, continuance, and other incidents independent of that of Kennard or others. Still, as one of a number severally liable for the same debt, he, like each of the others, may be proceeded against to judgment, although but one satisfaction could be had. Even where the obligation is joint and several, judgment (without satisfaction) is no bar to a recovery against another.—*Brown* v. *Wooton, Cro. J.* 74; *King* v. *Hoare,* 13 *M. & W.* 504; *Simmons* v. *Carter,* 6 *Mass.* 18.

The difficulty is, that the counsel, at the time of his offer, was anticipating a condition of the several cases which had not then transpired — the perfection and satisfaction of judgment against Kennard upon the verdict which was then standing upon the records of the court. McReady in this action was entitled to but his actual damages arising from the interference with his property and credits. If, as to any parts of those sued for in this action he had been satisfied, he would have been allowed to show it. The introduction of a verdict, simply, is not sufficient. Too many contingencies intervene between that and the realization of the amount it expresses. It may be set aside, the judgment on it may be reversed, or the defendant may be worthless. Nothing short of its satisfaction could avail the defendant below, and this he might show on proper application, even after judgment against him.

As to the second point relied on by the plaintiff in error, it would be sufficient to remark that he is not in a condition to take advantage of the supposed error. The bill of exceptions shows so much of the charge of the judge on the trial below as involves several propositions of law, some

McREADY *v.* ROGERS.

of which are conceded to be correct. The exception taken by the counsel at the trial is, " to all and each and every part thereof." This firing at the flock will not do.

It is a well established point of practice, that when the charge of the court involves more than one single proposition, a general exception to it will be unavailing, and, if any portion of it be correct, the whole will stand. Each specific portion of it which is claimed to be erroneous must be distinctly pointed out, and specifically excepted to.— See 2 *Whit. Prac. 3d ed. p.* 364, *citing scores of cases.* Nevertheless, let us briefly notice the point contended for by the counsel.

It is claimed by him that on the dissolution of the attachment, it was the duty of the sheriff to return the property to McReady, and that for his neglect or refusal so to do, Rogers is not responsible ; that the sheriff alone is liable from that time. That Rogers, as surety in the attachment suit is responsible for all damage up to the discharge of the attachment, is conceded. Upon what principle he is then to be relieved, I cannot discover. The plaintiff in that suit, representing that McReady had assigned and disposed of his property with · intent to defraud his creditors, procured an attachment. Subsequent proceeding showed these representations to be false, and the attachment was discharged. Thereupon, they stand as though no process against McReady's property had ever issued, and become trespassers *ab initio.—Lyon* v. *Yates, et al.* 52 *Barb.* They, through their instrument or agent, the sheriff, took McReady's property without his consent, and against his will, and it was their duty to return it, and place him in as good condition as before the taking. It is true that McReady might, as he did, demand the property of the sheriff after the dissolution of the attachment, and have his action against him, not officially, but as against any trespasser wrongfully detaining it, upon his refusal to

McReady *v.* Rogers.

deliver it up ; still, the liability of the plaintiff in the attachment, or that of Rogers, as his surety, is none the less. The contrary rule might prove very damaging. Property of great value, far in excess of the ability of the sheriff, or the amount of his official bond, might, upon a proper and sufficient undertaking being given, be attached and passed into the hands of the sheriff. The condition of the defendant would be quite unfortunate if the sheriff should wilfully dispose of or refuse to return the property — the plaintiff, by the sheriff's conduct, being relieved from any liability under his bond.

It remains to notice whether the reason assigned for not re-delivering the property be sufficient. The property having been wrongfully taken, it follows that any charges paid to get possession of it, or in its keeping, were voluntary and without warrant, and therefore, re-payment could not be made a condition upon which a return of the property depends.

The judgment must be affirmed.

Judgment affirmed.