LONG v. LONG.

1. **Judges of Election: REFUSING VOTE: MISTAKE OF LAW.** In an action against the judges of election for refusing, at a general election, to receive and deposit plaintiff's vote, the defendants may plead and prove an honest mistake of law, in mitigation of damages.

2. ——: ——: **RELEASE OF JOINT TORT-FEASOR.** The release of one joint tort feasor is the release of all. *Held*, that this defense was sufficiently presented by the answer in this case, and that the verdict, based upon such release, was supported by the evidence.

*Appeal from Delaware Circuit Court.*

SATURDAY, DECEMBER 17.

THE defendant was one of the judges of election of the Delaware Center voting precinct, at the general election in November, 1880. The plaintiff offered to vote at said election. His vote was challenged by a bystander, and his ballot was refused. He brought this action against the defendant, and also against one Peet, another of said judges, claiming that he was a legal voter of said precinct; that upon being challenged, he requested the said judges to administer to him the oath required by law to be administered to persons whose votes are challenged, and that said judges, " without the fear of God before their eyes," did willfully and maliciously refuse to administer the oath and refused to receive and deposit plaintiff's ballot in the ballot box, to his damage in the sum of $1,000, for which he asked judgment. Afterwards the action was dismissed as to said Peet.

The defendant answered by admitting he was judge of the election, and that plaintiff presented himself at the polls and offered to vote; that he was challenged, and his ballot was re-

fused. But he denied that plaintiff requested him to administer the oath required in such cases, and that he was informed and believed the plaintiff had received from the other judges of election full satisfaction and compensation for all damages done him, by the said judges of election.

He further averred, in mitigation of damages, that he offered to administer to the plaintiff an oath furnished him by the county auditor, as the oath prescribed by law to be tendered to parties challenged; that he believed that to be the oath prescribed by law, and acted without intent to injure plaintiff in refusing to administer any other oath than that given by the county auditor.

There was a trial by jury, a verdict and judgment for defendant. Plaintiff appeals.

*J. M. Brayton* and *I. N. Sullivan*, for appellant.

*Blair & Dunham*, for appellee.

ROTHROCK, J.—I. The evidence tended to show that the plaintiff was a resident and voter of the election precinct.

1. JUDGES OF ELECTION: refusing vote: mistake of law.

That he presented his ballot and was challenged. That with the poll books sent out by the auditor there was a form of oath to be administered to persons challenged, by which they were required to testify that they had been resident of the township for ten days. This oath was tendered to the plaintiff and he refused to take it, and the attention of the judges was called to section 620, of the Code, which furnishes the form of oath and omits the ten days residence in the township or precinct. After consultation the judges determined to adhere to the printed instructions in the poll book, inasmuch as the Code was published in 1873, and the law might be changed, as indicated by the form prescribed by the auditor. These facts were practically undisputed.

The court instructed the jury as follows: "Under the

pleadings and undisputed facts shown by the testimony, the action of the defendant to this suit was contrary to law, and an invasion of the rights of the plaintiff as a voter, and the only questions for your consideration are: 1st. Whether there has been such an arrangement between plaintiff and the defendant Peet, as in law, operates as a discharge as to defendant Long, and if not, then to what extent plaintiff is entitled to damages."

Other instructions were given to the effect that the wrong done was a joint tort, and that if plaintiff made a settlement with Peet for the damages complained of, and for a valuable consideration released him from all further liability, then the defendant Long was also released.

Another instruction was given as to the measure of damages in case there had been no release, in which the court told the jury that if the defendant acted without malice, the plaintiff was only entitled to nominal damages, but that if his act was willful, additional and exemplary damages should be given.

The plaintiff asked the court to instruct the jury to the effect that the defendant could not plead or show ignorance of the law as a just cause or excuse. The instruction was refused and the refusal is assigned as error.

We think the ruling was correct. The court instructed the jury that there must be a verdict for the plaintiff in some amount, unless there was a discharge by reason of the alleged settlement. The amount of the verdict depended largely upon the alleged malice of the defendant. He pleaded the mistake as to the law, merely in mitigation of damages. If he honestly believed that the form of oath furnished by the auditor was correct and acted in that belief, this would go far in mitigation of damages, and defendant had the undoubted right to plead and prove it.

II. It is next urged that the court erroneously refused to

instruct the jury that a promise by plaintiff not to sue Peet,

**2. ——: ——: release of joint tort-feasor.** made subsequently to his agreement to dismiss the suit (if such agreement was made), would be without consideration and of no force, if made after the agreement to dismiss was concluded.

The refusal to give this instruction was correct, because all the facts as to a settlement with Peet and dismissal of the suit as to him, and the promise not to bring another suit against him, are shown by the evidence to be part of the same transaction.

III.   Another objection was made to the instructions as to the discharge, by the settlement with Peet, upon the ground that they were unwarranted from the pleadings.   The answer as it appears to us sufficiently presents that defense.   It was presented and pleaded as a complete defense, and was not attacked by demurrer or motion.

IV.   Under the instructions of the court the jury must have found that the plaintiff received full compensation from Peet for the joint-wrong done him.   It is objected that the verdict is not supported by the evidence.   We think it is.   It appears that the plaintiff and Peet had an interview and that the latter paid one-half of the costs of the suit, under an agreement that the suit should be dismissed as to him and not again renewed. Peet also published a card acknowledging that he was wrong in refusing the vote, and that he was sorry for it.   The point made that these were not concurrent acts is not well taken. The jury were warranted in finding that all these acts were but one transaction, and they were also warranted in finding that the amount paid by Peet was full compensation for the injury. The release of one joint tort-feasor is a release of all.   *Turner v. Hitchcock*, 20 Iowa, 310.   In the case of *Ellis v. Eason*, The Reporter, vol. 11, p. 70, relied on by appellant, the wrong done was a joint trespass, in cutting and carrying away a large number of saw-logs of the value of more than $1,000.   The

plaintiff settled with one of the wrong-doers for $200, with the understanding that he (plaintiff) was to look to the other parties for compensation. It was held the agreement was no bar to an action for the balance of the damages.

In the case at bar the damages are not susceptible of estimation in money or of a division into parts. The most that can be fairly claimed under the evidence was that the defendant, if liable at all, was liable for a mere technical disregard of his duty as an officer, and under circumstances that no jury would be warranted in finding that he was actuated by malice.

We find no error in the record and are united in the opinion that the judgment should be

AFFIRMED.