FRANKLIN W. BROOKS, PLAINTIFF IN ERROR, V. ABBIE E. DUTCHER, DEFENDANT IN ERROR.

1. **Instructions:** EXCEPTIONS. A general exception of one sentence to a charge to the jury of ten paragraphs of instruction, made as memorandum at the close of the charge, "that the defendant excepts to each and every one of the above instructions separately," *Held*, To be "clearly insufficient to permit an examination of the instructions," or to review the case on illegibly written affidavits of cumulative and newly discovered evidence not material to the issue. 22 Neb., 644.

2. **Trial:** NEW TRIAL. A new trial will not be granted on evidence superinduced by extrajudicial statements by the trial judge, not in accord with the record of the proceedings of the trial.

REHEARING of case reported 22 Neb., 644.

*G. M. Cleveland* (*O. P. Mason* with him), for plaintiff in error, cited: *Requa v. Holmes*, 16 N. Y., 193.

*L. C. Chapman* and *M. F. Harrington*, for defendant in error, cited: *Tomlinson v. Wallace*, 16 Wis., 224. *M. & C. R. Co. v. Hunter*, 11 Wis., 160. *Pilling v. Otis*, 13 Wis., 495. *Graham v. Chrystal*, 2 Keyes, N. Y., 21. *Jones v. Osgood*, 6 N. Y., 2 Seld., 233. Wait's Practice, Vol. 3, p. 182. *Caldwell v. Murphy*, 11 N. Y., 1 Kern., 416.

COBB, J.

This cause was brought to this court on error from the district court of Holt county, and judgment was rendered January 16, 1888, overruling the assignments of error; but the court was of the opinion that, in estimating the damages, the jury failed to take into consideration some elements which they should have considered, for which reason the verdict was greater than was warranted under all the circumstances of the case, as proven by the evidence on the trial, and for which reason the judgment of the district court was reversed and a new trial granted, unless the defendant in error filed a remittitur of one thousand dollars within thirty days, which was complied with, and the judgment for the sum of two thousand dollars was affirmed. 22 Neb., 644.

The plaintiff in error's motion, under rule 16, for rehearing, was argued on the following grounds:

"I.　The court misapplied the rule of law laid down in cases *McReady v. Rogers*, 1 Neb., 124, and *Dodge v. The People*, 4 Neb., 220. Each specific portion of the instructions as given was distinctly excepted to, and pointed out by the exception which was taken; and erred in declining to consider the errors assigned in the instructions of the court.

"II.　Not all of the newly discovered evidence set forth in the affidavits accompanying the motion for a new trial was cumulative evidence, and the court erred in so holding.

"III.　The court below erred in instructing Williams, and the several other witnesses called to testify as to the general reputation of the plaintiff below for chastity, that, unless they knew what the majority of the people in the community where the plaintiff lived said in respect to her reputation for chastity, they were not qualified to testify as to that reputation, and by this instruction the trial court closed the mouths of these witnesses from disclosing the truth,

and this court erred in failing to consider that fact in its opinion. This error, in connection with those contained in the instructions of the court below to the jury, should have reversed the case and given the defendant a new trial."

The case has, therefore, been twice argued on the exception presented, and with an excess of legal ability and pertinacity to impress, if possible, the court with the alleged errors of the trial.

The rule of law complained of in the first instance as having been misapplied to the bill of exceptions is a plain one, and not to be misunderstood. "The rule is well settled in this court, that each specific portion of instructions which is claimed to be erroneous must be distinctly pointed out and specifically excepted to." This is the rule settled in McReady's and Dodge's cases. The application of it in this case was to the ten consecutively numbered instructions of the court to the jury, to which no other exception was taken than that noted in a memorandum of the reporter at the close, stating: "The defendant excepts to each and every one of the above instructions separately," which the court held to be "clearly insufficient to permit an examination of the instructions," for the reason that it was general, and not special, as required; that it was applicable to the series as a mass, and did not distinctly point to one or more of the ten paragraphs excepted to. That this too indefinite exception should be applicable "to each and every one of the instructions separately," according to its words, is deemed a fallacy. None of the instructions are set apart in the exception; none specified *singly*, and none *distinctly*, as erroneous, and therefore none *separately*. "*Separate* me Barnabas and Paul for the work whereunto I have called them," was an instruction given to the church at Antioch, and those apostles were sent forth, and departed *separately* to other cities. Acts xiii. 2, 3. Had they remained, neither Christian duty nor compliance with instructions were accomplished. The instructions of the court to

the jury remain without a single separate exception appear-
ing of record. The written exercise of separate exceptions
is required by the rule, of which the abstract and theoretical
one presented is but a feeble and insufficient substitute.
The reason of the rule is to be found in its necessity
towards the due administration of justice. If an improper
instruction falls from the court during the trial, counsel
can at the time, and ought to, point out the correct rule of
law, and show the objection to the instruction, that the
court may modify the charge and correct the error before
the issue is given to the jury.

If the jury misapprehend the court, or be misled by
errors which counsel seek to correct, the expediency of a
new trial is made more apparent if the exception be taken
at once, distinctly and separately, as required by the rule.
Justice itself, as well as fairness to the trial court, requires
that the ruling of that court be had on the precise point to
which exception may be taken, that sufficient opportunity
be given to remove the ground of exception, and that exact
justice may be done. *McReady v. Rogers,* 1 Neb., 124.
*Dodge v. The People,* 4 Neb., 220. *Strader v. White,* 2
Neb., 348. 2 White Prac., 364. *Schofield v. Brown,* 7
Neb., 221. *R. R. Co. v. Ingalls,* 15 Neb., 129. *Weir v.
R. R. Co.,* 19 Neb., 212. *Nyce v. Shaffer,* 20 Neb., 508.
*Tomlinson v. Wallace,* 16 Wis., 238. *Johnston v. Jones
et al.,* 1 Black, 209. *Harvey v. Tyler,* 2 Wallace, 328.

While this rule is not now intended to be relaxed by a
further inquiry into the informal exceptions presented, we
have, nevertheless, re-examined the record for the purpose
of reforming, if necessary, or of re-affirming the expres-
sions of the former opinion.

As to the second point of the motion for rehearing,
"that not all of the newly discovered evidence was cumu-
lative," it may be restated that there was but the single issue
of *unchastity,* undertaken by the plaintiff in error to prove;
that other circumstances, not cumulative evidence, nor

tending to render clearer or more credible prior testimony,. were not pertinent to the issue; that no new facts of the affidavits are pointed out as not merely cumulative, but otherwise admissible and pertinent to be considered. And also as ,to the affidavits themselves, a considerable portion are in such intolerable manuscript as not to be understood by an inexpert person. A precise test of their value and significance can not, therefore, be applied with certainty.

The objection to the fourth paragraph of the charge,. which is, "that the defendant, by the tenor of his answer,. having admitted the speaking of the actionable words, it was not necessary to prove the fact which, *per se*, entitled the plaintiff to nominal damages," rests upon no basis. The "truth of the charge" was the one question on evidence to the jury, who were to pass on the questions of the weight and value of the evidence, and the credibility of witnesses. No bias or interference against the defendant is shown. · If the lack of evidence in support of the defense is conspicuous in this instance, the implication to be drawn from the charge and instruction of the court was still left to the opinion of the jury. That the plaintiff should have recovered nominal damages, as was charged, arose necessarily from the form of the issue, and the charge to the jury seems to have been properly given, without partiality or prejudice towards either party. The plaintiff in error would seem to be left without cause for complaint of the fourth instruction, and even so, though the court had stated an implication tending towards compensatory damages, which is not found in the charge.

It was held in this court, for words actionable, *per se*, no evidence need be given of actual damages to character to recover. *Boldt v. Budwig*, 19 Neb., 739. Sackett's Instructions to Juries, 237. *Fry v. Bennett*, 4 Duer, 247.· *True v. Plumley*, 36 Me., 466. *Swift v. Dickerman*, 31 Conn., 285.

And finally, the instruction said by counsel to have been

given by the court to Williams and Cross, and to other witnesses for the defense called as to the general reputation of the plaintiff for chastity, "that, unless they knew what the majority of the people in the community said or thought of her reputation," they were not qualified to testify, is not in any paragraph of the instruction, nor is it to be found in the record of the case. The question put by the court to the witness Cross was in the following language: "Do you know what the people generally thought or considered the character of the plaintiff to be, in Creighton, as to chastity, when you were boarding there?" which is in no sense obnoxious to the authoritative rules of evidence. The court could not entertain the proposition to reverse its judgment on the alleged restriction of testimony on the trial from the character of evidence produced. Nor does it appear from anything of record that any subsequent ruling of the court "served to uncharitably close the mouths of witnesses" from testifying both freely and swiftly. The testimony was concisely reviewed in the former opinion, and weighed out at its worth. It was scarcely possible to have been depreciated in credit by any ruling of the court.

The posterior statements introduced for the purpose of rehearing have not been overlooked. As they were entitled to no place in a juridicial controversy as to the facts and errors of record, they exercised no influence, shed no light, and are given no weight on the motion for rehearing.

Neither the extrajudicial certificate of the trial judge, nor the able and extended arguments of counsel, have shown any satisfactory reason for reversing or modifying the former opinion expressed in this case.

The judgment is re-affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.