## Sarah I. Bryant v. Byron Reed et al.

### [Filed May 19, 1892.]

Res Adjudicata: Joint Tort Feasors: Satisfaction by One.
In an action for the abuse of process of the court, whereby the
plaintiff was wrongfully evicted, all parties charged with the
wrong were joined as defendants.  One of them demurred on
the ground of misjoinder of causes of action, and the demurrer
was sustained, and the action proceeded to judgment of $100
against him.  He satisfied the judgment.  Afterwards an action
for the same wrong was brought against the other defendants
charged.  *Held,* The damages being unliquidated, that a satis-
faction by one joint tort feasor was a bar to further recovery for
the wrong.

Error to the district court for Douglas county.   Tried
below before Doane, J.

*Mahoney, Minahan & Smyth,* for plaintiff in error, cited:
*Deslonde v. Dorrington,* 29 Ala., 92; Herman, Estoppel,
22, 41, 306; *Kemper v. Waverly,* 81 Ill., 278; *Hiatt v.
Brooks,* 17 Neb., 34; *Leighton v. Stuart,* 19 Id., 553.

*Cowin & McHugh, Geo. F. Brown,* and *Wm. D. Beckett,*
*contra,* cited: *Hiatt v. Brooks,* 17 Neb., 34.

Maxwell, Ch. J.

This action was brought in the district court of Douglas
county.  Sarah I. Bryant was the plaintiff and James
H. McCulloch, William Coburn, Dorsey B. Houck, Sam-
uel D. Mercer, and Byron Reed were defendants.   The
original petition alleges that the defendant McCulloch,
at the time the injury complained of was committed,
was county judge; that at the same time defendant Co-
burn was sheriff and defendant Houck deputy sheriff of
Douglas county; that defendant Reed was the agent of
one Folsom *et al.* for the renting of a certain dwell-

ing occupied by plaintiff; that defendant McCulloch, acting within his jurisdiction as a justice of the peace, in a certain action of forcible detention for the recovery of the possession of said dwelling, wherein Sarah Bryan was defendant and the said Folsom *et al.* were plaintiffs, wrongfully, negligently, and at the instance and request of the said Reed and Mercer, issued a pretended writ of restitution in said case; that said writ was placed by Reed in the hands of Coburn for service, and that the writ was served by the defendant Houck in a fraudulent, illegal, and oppressive manner; that said service was participated in by Mercer and Reed, and that Mercer, Reed, and Houck knew that said writ was illegal.   Plaintiff prayed a judgment against all the defendants in the sum of $10,000.

On the 27th day of February, A. D. 1888, the defendant McCulloch filed his separate demurrer on the ground that several causes of action were improperly joined and that the petition did not state facts sufficient to constitute a cause of action against him.   The demurrer was sustained on the ground of a misjoinder of causes of action and the plaintiff was given leave to docket a separate case against McCulloch.   This was done on the 10th of August, 1888.   A trial was had against McCulloch and judgment rendered therein.   Afterwards, on the 20th day of January, A. D. 1890, an amended petition was filed against McCulloch, Reed, Coburn, Houck, and Mercer, which amended petition set up the same cause of action as the original petition.   McCulloch did not answer, neither did Coburn.   Defendant Mercer answered, specifically denying participation either in the issuing of the writ or in the ejecting of the plaintiff, and avers, in substance, that the trespass, if committed, was committed by him and the other defendants jointly with defendant McCulloch; that a separate trial was granted McCulloch; that the cause of action which was in issue at the separate trial was the same as that that set out in the amended petition in this

49

case ; that a judgment was had on said cause of action ; that the judgment was satisfied and defendant therefore pleads that fact in abatement of this action.   In the reply the plaintiff specifically admits the material parts thereof, and denies generally the allegations that the cause of action on which a recovery was had against McCulloch was the same as the one sued on in this action.   Reed and Houck answered separately, but in substance the same as Mercer. The plaintiff in effect admitted in the reply that the cause of action is the same as that set forth against McCulloch. On the trial of the cause the plaintiff dismissed the action as to McCulloch, whereupon the court instructed the jury to return a verdict in favor of the defendants, and the verdict was so returned and judgment rendered dismissing the action.   It is very clear that the cause of action against McCulloch, Coburn, Houck, Reed, and Mercer was joint : but one wrong was claimed, viz., the wrongful eviction of the plaintiff.   In such case the plaintiff had an election to sue the wrong-doers jointly or separately, but she could not thereby increase the amount of recovery.   There was but one wrong, and where compensation had been made for that, either by one or all of the wrong-doers, it was satisfaction as to all.   This rule is very clearly stated by Judge CROUNSE in *McReady v. Rogers*, 1 Neb., 124.   It is evident that the court erred in sustaining the demurrer for misjoinder, but that question is not before the court.   The damages were not susceptible of apportionment among the several defendants, and the satisfaction made by one operates as a bar to recovery from the others.   *Long v. Long*, 57 Ia., 497 ; *Urton v. Price*, 57 Cal., 270.   In *Long v. Long, supra*, the action was against the judges of election for refusing to receive the plaintiff's ballot.   After the action was brought a settlement was made with one of the defendants, and it was held to be a bar to the action ; citing *Turner v. Hitchcock*, 20 Ia., 310.   There are certain actions for the wrongful taking of property, in which sev-

eral have participated, where a settlement by one for the amount of property received by him is no bar to an action for the residue against the other wrong-doers (*Ellis v. Essau*, 11 Rep. [Wis.], 70), but that principle has no application to this case.     There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.