DAVID P. REDMAN v. HENRY VOSS.

FILED NOVEMBER 20, 1895.    No. 5753.

1. **Trial**: RULINGS ON EVIDENCE: REVIEW. The established rule of this court is that to enable it to review an error alleged to have been committed by a district court in the admission or rejection of evidence the testimony admitted or rejected must be specifically assigned in the petition in error.

2. **Instructions**: EXCEPTIONS: REVIEW. It has been the settled rule of this court since the decision of *McReady v. Rogers*, 1 Neb., 124, that a general exception to a charge to a jury is unavailing unless the entire charge is erroneous.

ERROR from the district court of Douglas county. Tried below before DAVIS, J.

*James W. Carr*, for plaintiff in error.

*J. W. West* and *Charles Ogden, contra.*

RAGAN, C.

Henry Voss, in the district court of Douglas county, recovered a money judgment against David P. Redman, and the latter has brought the same here for review, assigning as reasons for its reversal the following alleged errors:

1. That the court erred in admitting irrelevant, immaterial, and incompetent testimony. This assignment is too indefinite. The established rule of this court is that to enable it to review an error alleged to have been committed

by a district court in the admission or rejection of evidence the particular evidence admitted or rejected must be specifically assigned in the petition in error.

2. That the court erred in his statement of the case to the jury. The record does not disclose that the plaintiff in error took any exception to the statement of the case as made to the jury by the trial court, and an examination of the statement discloses that it was a concise and faultless exposition of the issues made by the pleadings.

3. That the court erred in giving paragraphs numbered 1, 2, 3, 4, and 5 of the instructions given by the court on its own motion. This assignment of error cannot be sustained for two reasons: (1.) The only exception noted to the instructions of the court is in the following language: "Counsel for both plaintiff and defendant except to the instructions of the court to the jury." It has been the settled rule of this court since the decision of *McReady v. Rogers,* 1 Neb., 124, that if the charge of the court to the jury contains more than one proposition, and any portion of it be correct, each specified point deemed erroneous must be pointed out and separately excepted to, and that a general exception to such charge is unavailing. (2.) The only instructions given to the jury in this case were those given by the trial court upon his own motion, and an examination of the charge shows it to be not only not erroneous but beyond criticism.

4. That the verdict of the jury is not sustained by sufficient evidence. We think it is. Voss claimed that he had made some plans and specifications for a building for Redman at the latter's instance and request at an agreed price of $300. Redman admitted making the contract with Voss for the plans and specifications, but claimed that the agreement was that a building erected in conformity with such plans would not cost to exceed $6,000, and if it did, that he, Redman, should not pay anything for the plans; and that a building could not be erected according to the

37

plans furnished by Voss for less than $8,000. The evidence offered by each party tended to sustain his contention.

An examination of the entire record leads us to the conclusion that not one debatable proposition of law is presented in this proceeding. The judgment of the district court is

AFFIRMED.