Pease Piano Co. v. Cameron.

---

PEASE PIANO COMPANY V. JAMES S. CAMERON.

FILED NOVEMBER 3, 1898.  No. 8335.

1. **Instructions:** EXCEPTIONS. An exception to all of the court's instructions, without distributive words, is unavailing if any portion of the charge be correct.

40

2. ———: EVIDENCE: REVIEW. It is not error to refuse an instruction
   where the only evidence offered to which the instruction would
   be applicable was rejected. In such case the error, if any, is in
   rejecting the evidence.

3. **Examination of Witnesses**: SECONDARY EVIDENCE. Although a
   question is so framed as to apparently call for matters within the
   knowledge of a witness, or to call his attention to a writing
   merely to refresh his memory, it is proper to exclude the answer
   when from what has preceded it is clear that the answer would
   be not as a matter of personal knowledge, but in the nature of
   secondary evidence as to the contents of the writing.

ERROR from the district court of Douglas county.
Tried below before FERGUSON, J. *Affirmed.*

*D. W. Merrow* and *A. A. McClanahan,* for plaintiff in
error.

*C. F. Breckenridge* and *R. W. Breckenridge, contra.*

IRVINE, C.

The petition of Cameron against the piano company
was in six counts, each asserting a claim arising out of
transactions under a contract whereby Cameron acted
as a factor in handling and selling pianos of defendant's
manufacture. Cameron had judgment and the defend-
ant brings the record here for review. All the matters
argued arise out of the second count of the petition. In
this plaintiff averred that he had sold pianos in the city of
Omaha to each of eight persons named, and had made
payment therefor, either in cash or in notes of the pur-
chaser; that commissions were due him in amounts
stated on each of said sales. To this count the defendant
answered, admitting the sales, alleging that they were
made in the form of "leases,"—a term not any place well
defined, but which seems to be used in the sense of con-
tracts of sale reserving title in the vendor as security for
unpaid purchase-money; that purchaser's notes were
taken indorsed by Cameron, and that the purchaser had
in each instance failed to pay an amount equal to that
for which Cameron was bound to account to the defend-
ant. The affirmative averments were denied in the reply.

The questions sought to·be litigated are whether under the contract Cameron was a factor on a *del credere* commission, whether he had discharged his duties on delivery of notes of the purchasers accepted by the defendant, or whether, on the other hand, he was entitled to compensation only after actual payment to the defendant. The record does not properly present these questions.

The court of its own motion gave an instruction as to the meaning of the contract contrary to defendant's theory, and refused one tendered by defendant embracing that theory. The giving of the one and the refusal of the other are assigned as error. But the exception was generally to all the paragraphs of the court's charge, without distributive words. By a line of decisions beginning with *McReady v. Rogers*, 1 Neb. 124, such an exception is unavailing if any portion of the charge be correct.

The instruction tendered by defendant was to the effect that defendant was entitled to collect and receive the whole amount accruing to it under a sale before any commission was earned. This was not applicable to any evidence before the jury. All that was offered for that purpose was excluded. The exclusion of that evidence is assigned as error under a general assignment directed to the whole class of testimony. Rulings on the subject are found at two places in the bill of exceptions. The deposition of Mr. Lay was read. He testified that he was defendant's book-keeper; that settlement was made for the pianos described in the second count in purchaser's notes. On the taking of the deposition in Chicago one of the defendant's books was identified by the witness and a sufficient foundation was laid for its introduction in evidence, but it was not offered. Instead thereof the witness was asked to "state, refreshing your memory from the book about which you have just testified, how many, if any, of the persons named had paid in full on their leases on the 17th day of November, 1894." An objection

to the question was sustained. An offer was made to show by the answer that none had paid in full. The bill of exceptions does not show what answer in fact appeared in the deposition. While the witness was asked to refresh his memory from the deposition it is quite clear from the context that he was not speaking from any personal knowledge of the transactions, and that the attempt was really to avoid offering the book by putting in, in the manner indicated, secondary evidence of its contents. The question was repeated with an immaterial variation, and the same ruling made. Mr. Robinson, a traveling salesman of defendant, was on the stand and his testimony on the same subject was excluded, but only after he had testified that his information was in part, if not altogether, gained by inspection of letters written to defendant by Cameron. These letters were presumably in possession of defendant and were not produced. To have permitted the witness to answer the questions as put would not only be to allow secondary evidence of the contents of written instruments in the control of the party offering the proof, but to allow a witness to give his conclusions from a number of such instruments. The district judge said, in ruling on the objections, that he would hold that the evidence offered was "immaterial." This may have been a slip of the tongue, or it may have indicated an erroneous impression as to the nature of the evidence. But the testimony was incompetent and was properly excluded for that reason. The judgment cannot be reversed for a correct ruling, although an erroneous reason may have been given therefor.

AFFIRMED.