BRUCE CHAPMAN V. STATE OF NEBRASKA.

FILED JUNE 5, 1901.   No. 11,973.

1. **Statutory Crime: Two STATUTES: ONE ACT: TWO CRIMES.** A statute which denounces an act as criminal does not cease to be effective because another statute declares the same act to be a crime when done at a particular place or under special circumstances.

2. **Information: STATUTE: ELEMENTS OF CRIME: LANGUAGE OF STATUTE.** Where a statute states the elements of a crime, it is generally sufficient, either in an indictment or information, to charge such crime in the language of the statute.

3. **Repeating Instructions.** It is not error to refuse a special instruction embodying an idea which has been given by the court to the jury in the general charge.

4. **Argumentative Instruction.** It is not error to refuse an instruction which is argumentative and singles out and gives undue prominence to some portions of the evidence.

5. **Evidence: Verdict.** Evidence examined, and found sufficient to support the verdict and sentence.

Error from the district court for Sherman county. Tried below before Sullivan, J. *Affirmed.*

*Richard J. Nightingale,* for plaintiff in error:

The theory of counsel for the state and of the trial court was that notwithstanding the specific language of the statute making consent an element of this form of rape, yet there is a legal fiction under all statutes of this kind, to-wit, that the female is incapable of consent. They relied chiefly on *State v. Wright,* 25 Nebr., 38. But that case, in so far as it deals with this question, is mere *obiter dicta.* The common law made this presumption rebuttable. Our statute is a substantial copy of 18 Elizbeth, chapter 7, section 4, with the words "with her consent" inserted. The statute against seduction was not repealed by implication. *Beatrice Paper Co. v. Beloit Iron Works,* 46 Nebr., 900. Is it not a reasonable construction of the statute to say that the rape statute provides a punishment for male persons over eighteen years who have sexual intercourse with females over fifteen and under eighteen of chaste character by exciting the sexual passion?

*Frank N. Prout, Attorney General,* and *Norris Brown, Deputy, contra.*

Sullivan, J.

This was a prosecution for statutory rape. The jury found the defendant guilty, and the court sentenced him to imprisonment in the penitentiary for a period of three years. The petition in error contains many assignments, but the principal ground relied upon for a reversal of the sentence is that the state's evidence, while tending to

prove seduction, disproves completely the crime charged in the information. Briefly stated, the main facts of the case are these: Bruce Chapman resides in Sherman county and is now between thirty-two and thirty-five years of age. One evening in August, 1899, he attended a camp-meeting at Round Grove, where he satisfied his religious yearning—slaked his thirst for spirituality—and then permitted his attention to become engrossed with secular things. At the meeting he fell in with the prosecutrix, Ora Nell Johnson, and the two went home together. On the way home, it would seem, Chapman felt the rise and surge of a tender passion and took occasion to mention the fact to Miss Johnson. Finding her in a responsive mood he indulged freely in erotic vagaries, and finally, after promising marriage and eternal fidelity, had sexual intercourse with her. The promise of marriage, it is now insisted, adds to the crime charged an extenuating element which reduces it from rape to seduction—from a felony to a misdemeanor. We listened with great interest to the ingenious reasoning by which the learned counsel for the defendant undertook at the bar to sustain this position. We were charmed with the cleverness of the argument, but its logic was not irresistible; it failed to convince us that a person prosecuted for the commission of a criminal act must go free if it be made to appear at the trial that he transgressed two sections of the law against crimes instead of one. It may be conceded that section 207 of the Criminal Code is in full force, and that the defendant might have been, and still may be, tried and convicted for debauching the prosecutrix. The act charged in the information constituted a crime under section 12 of the Criminal Code, while the act proved was a violation of both sections. One need not be specially skilled in divining the legislative will in order to perceive that the law forbidding illicit carnal relations under promise of marriage was not permitted to stand on the statute books for the benefit and protection of those seducers of children who take the trouble

to add a promise of marriage to the other lures and enticements which they may see fit to employ. If the defendant were held to be innocent of rape because guilty of seduction, he might, according to the argument of his counsel, when prosecuted for the latter offense, secure an acquittal by showing that he was a married man, and, therefore, guilty of adultery. And by the same logic, a person charged with a murderous assault would be entitled to an acquittal if it should appear that the person assaulted was an officer engaged in the execution of his office, or a minister of the gospel preaching to his congregation. It would also entitle a licensed vender of intoxicating liquors, charged with making sales on Sunday or election day, to an acquittal if he could show that the persons to whom the sales were made were minors, Indians, lunatics or habitual drunkards. The true rule undoubtedly is that a statute which denounces an act as criminal does not cease to be effective because another statute declares the same act to be a crime when done at a particular place or under special circumstances. *Commonwealth v. Vaughn*, 101 Ky., 603, 45 L. R. A., 858; *State v. Gapen*, 17 Ind. App., 524; *Ruble v. State*, 51 Ark., 170; *Arrington v. Commonwealth*, 87 Va., 96.

There is some criticism on the form of the information, but as it follows closely the language of the statute, we have no doubt whatever of its sufficiency.

The court having on its own motion charged the jury that there could not be a conviction unless it appeared that the prosecutrix was chaste up to the time the sexual act in question was committed, it was not error to refuse an instruction offered by the defendant embodying the same idea.

The defendant's seventh request for an instruction was also properly refused. It was argumentative—altogether too argumentative; and besides, it singled out and gave undue prominence to some portions of the evidence.

The other assignments of error have not been discussed at length by counsel, and they do not seem to us to merit

special consideration. All the rulings complained of have been closely examined, and have been approved without hesitation. The trial was in every respect a fair one; and, considering that want of previous chastity—the only defense relied upon—was but feebly supported by the evidence, we think the sentence of the court was tempered with mercy. The defendant has brought to ruin a young and inexperienced girl; he has violated his solemn pledge to make her his wife; he has embittered her life and clouded her destiny; and, finally, he has done what even a roue seldom does under like circumstances—he has attempted to smirch her reputation by denouncing her before the world as a wanton. The wage of sin is certainly due to Mr. Chapman, and the hour of liquidation is at hand. The judgment is

AFFIRMED.

NOTE.—Two crimes may be committed by a single act. One may be convicted of keeping a liquor nuisance, and of specific sales which have been shown in evidence of it. *State v. Lincoln*, 50 Vt., 644. Conviction of being a common seller of intoxicating liquors is no bar to conviction of maintaining a common nuisance by keeping a tenement used for such illegal sale, although the same evidence is relied upon in both cases. *Commonwealth v. Hogan*, 97 Mass., 122. Keeping liquor for sale and selling are distinct offenses. *State v. Head*, 3 R. I., 135. B., who has been acquitted as a principal in the murder of H., may be convicted as an accessory before the fact in the same murder. *State v. Buzzell*, 58 N. H., 257; 59 N. H., 65.—REPORTER.