FRED CORDSON v. STATE OF NEBRASKA.

FILED NOVEMBER 10, 1906. No. 14,678.

1. **Information.** Where a statute states the elements of a crime, it is generally sufficient, in an information or indictment, to describe such crime in the language of the statute.

2. **Incest.** Section 204 of the criminal code, which declares that a father who shall rudely and licentiously cohabit with his own daughter, shall be guilty of incest, and which provides a punishment therefor, is valid and is sufficient in form and substance to create the offense therein described. *State v. Lawrence,* 19 Neb. 307, followed.

ERROR to the district court for Thurston county: GUY T. GRAVES, JUDGE. *Affirmed.*

*Hiram Chase,* for plaintiff in error.

*Norris Brown, Attorney General, W. T. Thompson* and *W. E. Whitcomb, contra.*

BARNES, J.

Fred Cordson, hereafter called the defendant, was tried by the district court for Thurston county, and found guilty of the crime of incest, as defined by section 204 of the criminal code. He was thereupon sentenced to the state penitentiary for a term of seven years. To reverse that judgment he has brought the case here by petition in error. The record contains no bill of exceptions, and defendant's petition contains but one assignment, to wit, "That the court erred in overruling defendant's motion in arrest of judgment."

His first contention is that the information on which he was tried does not state facts sufficient to charge him with the commission of any crime. To this it is sufficient answer to say that the information charges him with the commission of the offense in the language of the statute creating it. It is a well-established rule that to charge a statutory offense it is sufficient if it be charged in the language of the statute. In *Bolen v. People*, 184 Ill. 338, it was said: "An indictment charging the accused with the crime of incest in the language of the statute is sufficient, though it fails to allege the act was feloniously or knowingly committed, since the crime of incest was not a felony at common law and is indictable only by virtue of the statute." It will be observed in passing that section 204 of our criminal code is a literal copy of the statute of Illinois. In *Leisenberg v. State*, 60 Neb. 628, it was said: "Where a statute states the elements of a crime, it is generally sufficient, in an information or indictment, to describe such crime in the language of the statute." To the same effect are *State v. Lauver*, 26 Neb. 757; *Wagner v. State*, 43 Neb. 1; *Chapman v. State*, 61 Neb. 888, and *State v. Davis*, 70 Mo. 467. So the defendant's first contention must fail.

The defendant's second contention is that the section of the criminal code on which this prosecution is based is void, and, to use his own words, "is but a futile attempt

30

on behalf of the legislature to provide punishment for a father's incestuous relations with his daughter, and the words used by the legislature come short of the purpose." This contention cannot be sustained, for the whole matter was put at rest by the decision in *State v. Lawrence,* 19 Neb. 307, where the validity of that section was upheld. As above stated, section 204 is a literal copy of the Illinois statute, and we find that for more than half a century its validity has been upheld by the courts of that state. We are satisfied with the rule in *State v. Lawrence, supra,* and the reasons there given to support it, and therefore decline to overrule that decision.

It is also claimed in the defendant's brief that the court did not accord him the constitutional right of being confronted by the witnesses against him. As before stated, the record contains no bill of exceptions, and the transcript is silent upon that question. So there is nothing before us to overcome the presumption of the regularity of the proceedings of a court of general jurisdiction, and we therefore cannot consider that matter. In fact, so much of the record as we have before us contains no reversible error, and the judgment of the district court is therefore

AFFIRMED.