EDGAR GOFF V. STATE OF NEBRASKA.

FILED MAY 6, 1911.  No. 17,056.

1. **Information: SUFFICIENCY.** "Where a statute states the elements of a crime, it is generally sufficient, in an information or indictment, to describe such crime in the language of the statute." *Cordson v. State*, 77 Neb. 416.

2. **Criminal Law: INSTRUCTIONS: EXCEPTIONS.** "It has been the settled rule of this court since the decision of *McReady v. Rogers*, 1 Neb. 124, that a general exception to a charge to a jury is unavailing unless the entire charge is erroneous." *Redman v. Voss*, 46 Neb. 512.

ERROR to the district court for Otoe county: HARVEY D. TRAVIS, JUDGE. *Affirmed.*

*Andrew P. Moran,* for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

FAWCETT, J.

Edgar Goff, hereinafter called the defendant, was tried in the district court for Otoe county under section 16 of the criminal code for a felonious assault. He was found guilty and sentenced to the penitentiary for a term of two years. He now prosecutes error to this court. Section 16 is as follows: "If any person shall maliciously shoot, stab, cut or shoot at any other person, with intent to kill, wound, or maim such person, every person so offending shall be imprisoned in the penitentiary not more than twenty years nor less than one year."

His first contention is that the information upon which he was tried does not state facts sufficient to charge him with the commission of any crime, in that it does not allege "that any weapon of any kind was used in making the assault," and therefore the defendant had no knowl-

edge that the state would attempt to prove that the assault was made with a knife, and that defendant was thereby taken by surprise. It is urged that the information should make the charge specifically and definitely in order that the accused may know the nature of the charge against him. A number of authorities are cited, but we do not deem it necessary to refer to them, as we think that question is definitely settled in this state. We have repeatedly held that, where a statute states the elements of a crime, it is generally sufficient, in an information or indictment, to describe such crime in the language of the statute. *Murphey v. State,* 43 Neb. 34; *Leisenberg v. State,* 60 Neb. 628; *Chapman v. State,* 61 Neb. 888; *Cordson v. State,* 77 Neb. 416. We do not think there is any force in the argument that, under an information which charges that the defendant did unlawfully, wilfully and maliciously cut and stab, evidence that the cutting and stabbing was done with a knife would be any surprise to the defendant. Common everyday language implies that cutting and stabbing is done with a knife. While one might be stabbed with a fork or cut with a razor, he could not be both cut and stabbed with either. But, be that as it may, the information in this case follows the statute and was sufficient.

It is next contended that the court erred in its instructions to the jury, and erred in refusing a number of instructions requested by defendant. The only exception noted to these instructions is found in a paper filed in the case, which recites: "Comes now the defendant Edgar Goff and excepts to the instructions given by the court, and excepts especially to the following numbered instructions given by the court: Numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16. The defendant Edgar Goff excepts to the following instructions refused by the court, and especially to the following: Numbered 1, 2, 3, 4, 5, 6, 7, and offered by def." Under the oft-repeated holding of this court, this exception is not sufficient. *McReady v. Rogers,* 1 Neb. 124; *Redman v. Voss,* 46 Neb. 512; *Union P. R. Co. v. Montgomery,* 49 Neb. 429; *Bennett v. Mc-*

*Donald,* 52 Neb. 278.   We repeat what we said in the second paragraph of the syllabus in *Redman v. Voss, supra:* "It has been the settled rule of this court since the decision of *McReady v. Rogers,* 1 Neb. 124, that a general exception to a charge to a jury is unavailing unless the entire charge is erroneous."   The exceptions in this case being general, both as to the instructions given by the court and as to those requested by defendant and refused, they are insufficient to lay the foundation for their review.   We are the more ready to adhere to the rule last above announced by reason of the fact that, if defendant had properly saved his exceptions, it would not have availed him anything in this case, as a careful examination of the instructions given and refused does not disclose any error.

No complaint is made as to the sufficiency of the evidence to sustain the verdict.   The record shows that the defendant was the aggressor from the beginning to the end of the affray in which he committed the crime for which he stands convicted.   He had a fair trial, and was convicted upon sufficient, competent testimony, and must stand the consequences of his unlawful and unprovoked offense.

The judgment of the district court is

AFFIRMED.