ARTHUR A. FOREMAN V. STATE OF NEBRASKA.

FILED NOVEMBER 17, 1932. No. 27857.

*Leonard A. Flansburg, O'Sullivan & Southard, Cook & Cook* and *Peterson & Devoe,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *F. S. Howell, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

ROSE, J.

In a prosecution by the state in the district court for Dawson county, Arthur A. Foreman, defendant, president and director of the Farmers State Bank of Overton, was charged in 14 counts of the information with violating the banking laws. In some of the counts he was accused of making false book entries and in others with making false statements and reports. He pleaded not guilty, and upon a trial was convicted only on counts 9, 13, and 14, in each of which he was charged with feloniously making to the department of trade and commerce a false state-

ment of the bank's assets with intent to deceive the department's secretary and others. For each offense he was sentenced to the penitentiary for not less than two nor more than four years, the sentences to run consecutively. Assigning errors in the proceedings, defendant presented for review the record of his conviction. Pursuant to a former opinion the judgment below was affirmed. *Foreman v. State*, 122 Neb. 619. To give further consideration to the evidence and to the instructions of the trial court, reargument at the bar was allowed and presented. Upon a reconsideration of the record, a different conclusion has been, reached.

A reexamination of the evidence, of instruction 9 in connection with counts 9, 13, and 14 of the information, and of other instructions, is essential to a correct determination of the proceeding in error.

Count 9 charged that defendant unlawfully made to the department of trade and commerce, with intent to deceive its secretary and others, a false statement in a report of an asset of the bank. As charged, the false asset reported in the statement consisted of a credit of $27,798.69 due from the South Omaha State Bank to the Farmers State Bank, though the actual credit did not exceed $17,798.69.

The record of the trial contains evidence to the effect that defendant had sent to the South Omaha State Bank his personal note for $10,000—the difference between the true and the false credit; that he immediately credited on his bank books the amount of his note; that the South Omaha State Bank rejected his note and refused the credit, contrary to former transactions of a similar nature; that his statement to the banking department reported the excessive credit without a correction of the bank books to eliminate the amount of the 10,000-dollar item as an asset.

Counts 13 and 14 also charged defendant with making felonious false statements of bank assets to the department of trade and commerce with intent to deceive its secretary and others.

The ninth instruction of the trial court to the jury is set out at length in the margin of the official report of this opinion.*

*Footnote.—"You are doubtless aware the state has not been able to produce a witness who testified as to what the defendant's intent was when he made or caused to be made book entries or statements as set forth in the counts of the information, except the testimony of William Nagel as to the ten-thousand dollars credit on the books of the Farmers State Bank of Overton, Nebraska, as alleged in counts 9, 11, and 12 of the information. But aside from this testimony the state does claim that it has connected the defendant with intentionally making said false book entries or statements to deceive the department of trade and commerce, or any person authorized by law to examine into the affairs of the bank in regard to the crime charged in each count of the information, not by direct and positive evidence, but by the testimony of witnesses and exhibits tending to prove a catalogue of facts and circumstances which the state claims presumably and circumstantially connects the defendant with intentionally making said false book entries or statements to deceive the department of trade and commerce as alleged in the counts of the information, by the evidence beyond a reasonable doubt.

"In this behalf you are instructed that circumstantial evidence is to be regarded by the jury in all cases. It is many times quite as conclusive in its convincing power as direct and positive evidence of eye-witnesses, and when it is strong and satisfactory the jury should so consider; neither enlarge nor belittle its force. It should have its just weight with the jury, and if, when it is all taken as a whole and candidly and fairly weighed, it convinces the guarded judgment, the jury should act on such conviction. You are not to fancy situations and circumstances which do not appear in evidence, but you should make those just and reasonable inferences from all facts and circumstances shown which the careful judgment of a reasonable man would ordinarily make under the circumstances. .

"Such evidence, to justify a conviction, should be of such a character as to exclude every reasonable hypothesis other than the defendant's guilt, and that it was the intention of the defendant, Arthur A. Foreman, to deceive the department at the time he made or caused to be made the alleged false book entries or statements as set forth in the various counts of the information. And in this case, if you find from the evidence and circumstances beyond a reasonable doubt said alleged false entries were wilfully and knowingly made, that is sufficient as to the intent to deceive on the part of the defendant in making said entries, you should act accordingly."

The jury were therein instructed on the issue of felonious intent and on evidence of such intent. The statute under which defendant was prosecuted makes "intent" to deceive an element of the felony defined by the legislature. Comp. St. 1929, sec. 8-133; *Spearman v. State,* 120 Neb. 799. Under a plea of not guilty, intent to deceive a person authorized to examine into the affairs of a state bank is essential to a conviction in a prosecution against a bank officer for making false book entries of assets and false statements to the banking department and must be proved beyond a reasonable doubt. Where a statute makes intent to deceive an element of a felony, the issue as to such intent in a criminal prosecution is a question for the jury and not for the court, though evidence of guilt is uncontradicted. *Osborne v. State,* 115 Neb. 65; *Williams v. State,* 118 Neb. 281; *Grosh v. State,* 118 Neb. 517. In a prosecution against a bank officer for feloniously making to the banking department a false statement of the bank's assets, an instruction to the effect that false entries in bank books and false statements in reports prove intent to deceive a person authorized to examine into the affairs of the bank is erroneous. Evidence that accused made the false statements as charged and book entries showing them do not estop him from denying he thus intended to deceive. *Fricke v. State,* 112 Neb. 767. In an opinion by former Chief Justice Sullivan, he said:

"In the trial of an information charging a felony, the presiding judge is without lawful authority to determine the issue, or any of the questions of fact involved in the issue. That power belongs exclusively to the jury, regardless of the state of the evidence. They must be fully satisfied of the existence of every fact constituting an element of the crime charged, and it cannot be assumed that they are so satisfied because they ought to be." *Goldsberry v. State,* 66 Neb. 312.

In effect, instruction 9 invaded the province of the jury, judicially decided that evidence of defendant's false entries in bank books and reported false statements proved

felonious intent to deceive, deprived defendant of the jury's unfettered finding on that issue and applied the doctrine of estoppel to the element of unlawful intent charged in the information—all contrary to established rules of criminal law. The instruction went further, singled out and gave emphasis to evidence of the felonious intent of defendant to deceive, ignored his testimony that he had no such intent and disregarded the inference that he gave his individual note and entered on the books a prospective credit for the proceeds thereof with intent to save the bank. The criminal law is to the contrary. *Williams v. State,* 46 Neb. 704; *Chapman v. State,* 61 Neb. 888; *Clarence v. State,* 86 Neb. 210. The instruction is also objectionable as too argumentative. *Goldsberry v. State,* 66 Neb. 312. It is in conflict with the criminal law recently announced in *Fricke v. State,* 112 Neb. 767. Under the plea of not guilty, defendant, was entitled to a trial in which the jury were permitted to pass on every element of the felony with which he was charged, including the intent to deceive. This fundamental right was denied. The error was prejudicial and cannot be explained away. It was not cured by other instructions or by estoppel of conduct attributed to defendant.

The word "statement" in connection with the felony defined by the legislature is used in the statute, in counts 9, 13, and 14 of the information and in instruction 9 given by the court to the jury. Instruction 9, therefore, applies to the three counts on which defendant was convicted.

For the reasons stated, the syllabus and the opinion reported in *Foreman v. State,* 122 Neb. 619, are withdrawn, the former affirmance vacated, the judgment of the district court reversed and the cause remanded for further proceedings.

REVERSED.